## THOMPSON *v.* FENN *et al.*

1. Where the plaintiff's right of action depended upon the truth of an allegation in the declaration, to the effect that a certain parol contract therein set forth had been made and agreed to by all the heirs of a named intestate, and the evidence showed that the alleged contract had been made and agreed to by a portion only of such heirs, there was a fatal variance between the allegata and the probata.
2. An heir at law of an estate cannot, pending administration thereon, maintain an action against another heir for the conversion to his own use of personalty belonging to the estate; but may hold the administrator liable for knowingly permitting such a misappropriation.

Argued January 13,—Decided February 22, 1897.

Equitable petition. Before Judge Lumpkin. Fulton superior court. March term, 1896.

*R. O. Lovett* and *J. T. Pendleton*, for plaintiff.

*Culberson & Blalock, William Phillips* and *C. B. Reynolds*, for defendants.

COBB, Justice.

Nancy Thompson and others, describing themselves as heirs at law of Candace Land, brought suit against Laura F. Fenn and others, also described as heirs at law of Candace Land. The petition alleged that she died intestate and her estate at the time of her death consisted of a city lot in Atlanta, Georgia, and certain personalty. It also alleged that Laura F. Fenn, who was a daughter of the intestate, made a parol agreement with plaintiffs, and all of the other heirs, in which it was stipulated that the administrator should expose said city lot for sale according to law; that said Laura F. Fenn should become the purchaser and thereafter sell the same and divide the proceeds equally between all of the heirs of said intestate. It was further alleged, that in pursuance of this agreement said Laura F. Fenn bought said lot at administrator's sale at a sum much less than its value, the other heirs refraining from bidding, in compliance with the terms of the agreement; and that having thereby obtained an administrator's deed to said lot, she has entered into possession and refuses to sell the same and divide the proceeds as she agreed to do. It was further alleged that Laura F. Fenn had taken possession of the personalty and converted it to her own use. On the trial the evidence for the plaintiff disclosed that a portion only of the heirs had entered into the alleged agreement. It was clearly shown that, at least, two of the heirs of the estate were not parties thereto, and the evidence tending to show that the others were parties was by no means strong. It was also shown that Laura F. Fenn had converted the personalty to her own use. The court granted a nonsuit.

1. All material averments must be proved substantially as alleged. As the petition sets forth a contract made and

entered into among all of the heirs at law of the intestate, and as the evidence shows a contract among a portion only of them, the allegation differs substantially from the proof, and the variance is fatal. An allegation of an agreement among seven persons as to a certain subject is not proved at all by evidence showing an agreement among five of them only, although the subject of the agreement be the same.

2. As the evidence disclosed that there was an administrator appointed upon the estate of Candace Land, and as it did not appear that such administrator had been discharged, there was no error in granting the nonsuit as to the cause of action set forth in reference to the conversion by Laura F. Fenn to her own use of certain personalty of the estate of Candace Land, as the right to recover for this wrongful act is in the administrator, and the heirs at law cannot maintain a suit thereon in their own name, unless they allege and prove that the administrator had declined to place the claim in suit, and had assigned the same to them to prosecute for the benefit of the estate. Civil Code, §§3353, 3427. If the claim is lost to the estate by the conduct of the administrator in knowingly permitting the misappropriation, he will be responsible therefor. Civil Code, §3426.

*Judgment affirmed. All the Justices concurring.*