## GLAUSIER, WATSON & COMPANY *v.* BOSTON NAVAL STORES COMPANY.

Where a partnership is sued for an alleged breach of contract of sale to it, and the plaintiff's proof develops that if any sale was made, it was jointly to the partnership and to an individual not a member thereof, the variance between the allegata and probata is fatal.

Argued November 6, 1908.—Decided May 12, 1909.

Action for breach of contract. Before Judge Mitchell. Thomas superior court. April term, 1908.

*R. J. Bacon* and *J. H. Merrill,* for plaintiffs.

*Bennet & Conyers* and *W. C. Snodgrass,* for defendants.

EVANS, P. J. T. J. Glausier and C. I. Gifford, alleging themselves to be partners doing business under the firm name of Glausier, Watson & Company, brought suit against the Boston Naval Stores Company, a partnership alleged to consist of E. R. Whaley, M. R. Mallette, and H. M. Myrick, and against the partners individually, to recover damages for a breach of contract of sale of a turpentine business. The plaintiffs were nonsuited, and they excepted. It appeared from the plaintiffs' evidence that they operated a naval stores business at Inwood, Jackson county, Florida, and on November 9, 1905, executed to the parties therein named the following paper: "Jackson County, Florida. In consideration of the sum of seventeen thousand dollars ($17,000.00) we, Watson, Glausier and Company, hereby lease, sell, and convey all our turpentine interest and holdings, including real estate, turpentine and timber leases, still and fixtures, live stock, wagons, harness, and everything now in use in conducting our business in said State and county. Also commissary stock and store fixtures. We hereby acknowledge receipt of one hundred ($100) dollars in cash in hand paid, and accept same as partial payment on above-mentioned property, from Boston Naval Stores Co., consisting of M R Mallette, E R Whaley and H M Myrick and L F Driver, to whom we have this day sold above-mentioned property. We, Glausier, Watson and Co., to give immediate possession. We agree to cancel all obligations against the business of Glausier, Watson and Co., and turn same over to Boston Naval Stores Co. and L F Driver, free and unencumbered in any way, upon the payment of balance due on purchase-price. We consider this a cash transaction, settlement to be made as soon as convenient to all parties mentioned. [Signed] Glausier, Watson and Co." Glausier signed the paper for the plaintiffs' firm and delivered it to Whaley, who gave Glausier a check for $100, signed "Boston Naval Stores Co." Payment of the check was stopped by the drawers. On November 15, the vendees refused to proceed further with the sale, and the plaintiffs took charge of the property. We will not attempt a summary of the plaintiffs' evidence introduced for the purpose of

identifying the subject-matter of the sale, showing acceptance of the property by the purchasers, and establishing the various elements of damages alleged to have been sustained. This becomes unnecessary, for the reason that if we allow the fullest scope and effect to this .evidence as contended by the plaintiffs, still, under the pleadings and evidence, a nonsuit was inevitable. The terms of the sale and the names of the purchasers are alleged to be contained in the written memorandum attached to the petition by amendment. According to this paper, the plaintiffs contracted to sell their turpentine business to the "Boston Naval Stores Company, consisting of M. R. Mallette, E. R. Whaley and H. M. Myrick and L. F. Driver." In the plaintiffs' covenant to deliver the property to the purchasers free of incumbrance it is made clear that the purchasers were the Boston Naval Stores Company and L. F. Driver. The memorandum of sale was in the possession of the defendants when the suit was filed, and was produced under notice, and introduced in evidence by the plaintiffs. When it was discovered from the memorandum of sale signed by the plaintiffs that the purchasers were the Boston Naval Stores Company and L. F. Driver, and there was a variance between the allegation of the petition that the sale was to the Boston Naval Stores Company and the proof in this particular, the plaintiffs amended their petition. The amendment in substance was, that the written contract is not in form as agreed upon; that L. F. Driver was no party to the purchase, but the same was made to the Boston Naval Stores Company, and that by the mutual mistake of the parties, and by the mistake of the scrivener, the name of L. F. Driver was inadvertently inserted; and the prayer was that Driver (who was declared to be a resident of the county where the suit was pending) be made a party and served with a copy of the petition and amendment, and that the contract be reformed by striking therefrom the name of Driver. The amendment was allowed, but no service was had upon Driver. In the assignment of error upon the grant of the nonsuit, it is alleged that when the motion for a nonsuit was made by the defendants, the plaintiffs objected thereto on the grounds (a) that the case was proved as laid, and (b) that the plaintiffs, after amendment to reform the contract of sale was allowed, were entitled to an opportunity to serve L. F. Driver, and that the court overruled the objections and granted the nonsuit.

If plaintiffs desired time to serve L. F. Driver, application should have been made to continue or postpone the case for that purpose. It is not to be expected that a court will of its own motion continue a case because of an amendment which a plaintiff makes to his own pleading. On the motion for nonsuit the question was whether the cause of action as formulated in the petition was supported by the evidence. The plaintiffs in their petition averred the sale was made to the Boston Naval Stores Company, and the paper relied on in part to establish the contract of sale set forth a sale to the Boston Naval Stores Company and L. F. Driver. The plaintiffs realized their dilemma, and by amendment asked to reform the writing by striking therefrom the name of Driver. There was no proof offered to sustain the amendment, and the case stood as made in the petition before the amendment wherein the plaintiffs alleged that they sold their turpentine plant to a partnership; their proof shows that if any sale was made, it was to a partnership and an individual. An allegation of a sale to A. is not proved by evidence of a sale to A. and B. *Howell* v. *Shands, 35 Ga.* 66; *Thompson* v. *Fenn, 100 Ga.* 234 (28 S. E. 39). This variance between the allegata and probata justified the grant of the nonsuit.

Complaint is made in the bill of exceptions that the court erred in excluding certain evidence tending to show what property was covered by the written contract of sale which the plaintiffs gave to the defendants. If this evidence had been allowed, the aspect of the case would not have been changed so far as concerned the variance between the petition and the proof to which we have just referred. Complaint is also made as to the allowance of an amendment to the answer. As the plaintiffs were nonsuited because they failed to prove their case as laid, it is immaterial whether the amendment to the plea should have been allowed or rejected.

*Judgment affirmed. All the Justices concur.*