8933.   MUTUAL LIFE INSURANCE CO. *v.* BOLTON,
                        administrator.

1. Representations made in an application for insurance which is attached
   to and made a part of the policy are considered as covenanted to be
   true by the applicant, and the policy will be voided by any variation
   which changes the nature, extent, or character of the risk. Any mate-
   rial representation of facts by the assured, to induce the acceptance of
   the risk, will void the policy if untrue; and while failure to state a
   material fact will not void a policy unless such failure be fraudulent,
   a wilful concealment of such a fact, which would enhance the risk,
   will void the policy.

2. While the question as to the truth and materiality of representations is
   generally one for determination by the jury, yet where all the testimony
   relating to an issue of fact excludes every reasonable inference but
   one, it becomes a question of law, for determination by the court.

DECIDED AUGUST 1, 1918.

Action upon insurance policy; from Wilkes superior court—
Judge Walker. May 9, 1917.

C. D. Bolton, administrator of Batnum N. Ford, brought suit
against the Mutual Life Insurance Company of New York upon a
life-insurance policy for $1,000, issued by the defendant upon the
life of Batnum N. Ford on April 10, 1914, and made payable to the
executors, administrators, or assigns of the insured. In the appli-
cation the insured made the following agreement: "This applica-
tion is made to the Mutual Life Insurance Company of New York.
All the following statements and answers and all those that I make
to the company's medical examiner in continuation of this applica-
tion are true, and are offered to the company as an inducement to
issue the proposed policy. . . The proposed policy shall not take
effect unless and until the first premium shall have been paid dur-
ing my continuance in good health, and unless also the policy shall
have been delivered to and received by me during my continuance
in good health." A copy of the application, with the statements
made by the insured in answer to questions by the medical exam-
iner, was attached to the policy. Among these questions and an-
swers were the following:

"17. What illnesses, diseases, injuries, or surgical operations have
you had since childhood.

Name of disease, etc. Number of attacks. Date of each. Duration.

| | | | |
|---|---|---|---|
| Pneumonia, | 1 | 1878. | 2 weeks. |
| Jaundice, | 1 | 1908. | 3 months. |

| Severity. | Results. | Date of complete recovery. |
|---|---|---|
| Mild. | Good. | 4 weeks. |
| Light. | Good. | 6 months. |

18. State every physician or practitioner who has prescribed for or treated you, or whom you have consulted in the past five years. Name of physician or practitioner. Address. When consulted. L. J. Pharr. Newborn. Some 2 years. Nature of complaint. Give full details under Q. 17.

Bilious.

19. Have you stated in answer to question 17 all illnesses, diseases, injuries, or surgical operations which you have had since childhood? (Ans. Yes or No.) Yes.

20. Have you stated in answer to question 18 every physician and practitioner consulted during the past five years and dates of consultation? (Ans. Yes or No.) Yes.

21. Are you in good health? Yes."

At the close of the questions propounded by the examiner and the answers of the insured the following appears: "I certify that each and all of the foregoing statements and answers were read by me and are fully and correctly recorded by the medical examiner. (Signed) Batnum Napoleon Ford. Witness: J. C. Smith, M. D."

The insured died June 21, 1915, and proofs of death were presented by the plaintiff. The defense rested upon two grounds; first, that the policy never took effect, because it was never delivered to and received by the insured during his continuance in good health; and second, that the above-quoted representations of fact made by the insured in his application to induce acceptance of the risk were, as to matters material to the risk, untrue, and that for this reason the policy was void. Upon the trial of the case the plaintiff introduced in evidence the policy, with the application attached thereto, proofs of death, and closed. The defendant then introduced as a witness Dr. P. Wilson, a practicing physician, who testified that he had examined applicants for life-insurance for several insurance companies, including the defendant; that he had known B. N. Ford since 1905, and had, part of the time between 1912 and 1914, boarded in the same house with him, and saw him every day; that he as a physician had treated Ford; that the first time was for jaundice, in 1908, and that the duration of that attack was from five to six months; that following that the insured had

enlargement of the liver, accompanied with the usual digestive disturbances and nervous troubles; that when he first treated him in 1908 the insured weighed 260 pounds, and that, beginning with the attack of jaundice which lasted five or six months, his weight decreased gradually, for eighteen to twenty months, to 180 pounds, and that his weight remained between 180 and 190 pounds through 1910 and 1911; that in the latter part of 1912 he had occasion to take the insured's blood pressure, and found it decidedly above normal, and that from then on until September, 1914, the insured continued with an excessively high blood pressure, with an enlarged liver, and a tolerably bad condition or a hardening condition of the arteries, called arterial sclerosis; that in the same way you describe stiffening of the arteries, it would be the same way with the tissues in the valves of the heart; that he couldn't say Ford was in good health at any time between 1908 and 1914, when he saw him. The witness further testified that the proofs of death state that the insured died suddenly, and in one place it is stated with disease of the heart, and of apoplexy; that the condition of health in which he found the insured could be connected up with the cause of death. This witness further testified: "From my experience as an examiner of risks or applicants for life insurance, I will say that I think that the conditions that I have described in connection with this application and this applicant are material to the risk that the company was trying to secure; it is material to the issuing of the policy." He further testified that he advised the insured as to his condition, and told him what was the matter with him; that he couldn't say he explained it to him as fully as he had on the witness stand, but that he told the insured enough to let him know his condition generally, and that he put him on a diet. Defendant also introduced Mrs. H. C. Pitts, who testified: that the insured boarded with her from April 1, 1913, to September 6, 1914, and that she saw him every day; that he was on a diet while staying there; that Dr. Wilson treated him; that the insured appeared to be in feeble health, and was rather nervous; that he would talk to her about his physical condition, and would say he didn't feel well. The plaintiff then introduced Dr. E. W. Ragsdale, who testified that he had known the insured for fifteen years immediately preceding his death; that most of the time he seemed to be in good health, but that for some

three or four years previous to his death, the insured's health was not good; that he would see him occasionally, and he seemed to be somewhat emaciated and thin.  He further testified that he saw the insured a few minutes after his death, and that in his opinion he died from valvular disease of the heart.  The brief of evidence shows that the physician who examined the insured was dead.  The plaintiff introduced evidence as to the good character of the deceased.  The jury returned a verdict for the plaintiff.  The defendant made a motion for a new trial on the general grounds only, which was overruled by the trial judge, and the defendant excepted.

  *J. H. Gilbert, R. C. Norman,* for plaintiff in error.

  *J. M. Pitner,* contra.

  JENKINS, J.  (After stating the foregoing facts.)  The question presented for our consideration is whether the evidence warranted the verdict.  Section 2479 of the Code of 1910 provides that "Every application for insurance must be made in the utmost good faith, and the representations contained in such application are considered as covenanted to be true by the applicant.  Any variation by which the nature, or extent, or character of the risk is changed will void the policy."  It has been held that "It is immaterial whether the statements made by the applicant for insurance were representations or warranties, since the effect of such statements must be determined by the provisions of these sections of the code, without reference to whether the statements may be regarded technically as representations or as warranties.  If the representations were untrue and the nature or extent or the character of the risk was changed by the representations, the policy was void under the express terms of § 2479." *Ætna Life Insurance Co.* v. *Conway,* 11 *Ga. App.* 553, 560 (75 S. E. 915).  Section 2480 provides that "Any verbal or written representations of facts by the assured to induce the acceptance of the risk, if material, must be true, or the policy is void."  Code-section 2481 provides that "A failure to state a material fact, if not done fraudulently, does not void; but the willful concealment of such a fact, which would enhance the risk, will void the policy."  In the case of a representation the important inquiry is:  1st. Was the representation false? 2d. If false, was it made in reference to a matter material to the risk?  In general, it may be said that the test, in determining

whether questions contained in an application for insurance are material, is whether knowledge or ignorance of the facts sought to be elicited thereby would materially influence the action of the insurer. *Ætna Life Insurance Co.* v. *Conway,* supra; *Empire Life Ins. Co.* v. *Jones,* 14 *Ga. App.* 647, 656 (82 S. E. 62). The insured in this case stated unequivocally that he was in good health, and, under the undisputed evidence introduced upon the trial of the case, this was untrue, and, under the testimony of Dr. Wilson, the insured was suffering from a number of serious disorders, both at the time the application was made and at the time the policy was issued, which, under his testimony, were material to the risk, and under the ruling made in the case of *Ætna Life Insurance Co.,* supra, the policy was void. See also *Southern Life Ins. Co.* v. *Hill,* 8 *Ga. App.* 857 (70 S. E. 186). While it is true that the truth and materiality of the representations made by the insured are generally questions of fact for determination by the jury, yet where all the testimony relating to a question of fact excludes every reasonable inference but one, as we think it does in this case, since even the physician introduced by the plaintiff testified that the insured was not in good health at the time the application for insurance was made, and at the time the policy was issued, and the testimony of the other witnesses to the same effect is undisputed, the issue becomes an issue of law for determination by the court. *Empire Life Ins. Co.* v. *Jones,* supra.

Under the facts appearing in the record in this case, the evidence as adduced in the trial in the court below did not authorize a verdict in favor of the plaintiff, and the court erred in refusing a new trial.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*