21638. THOMPSON *v.* METROPOLITAN LIFE INSURANCE CO.

STEPHENS, J. 1. Where a life-insurance policy contained a provision that the application therefor and the policy constituted the entire contract, and that all statements made by the insured in the application should, in the absence of fraud, be deemed representations and not warranties, and where, in the application, the insured represented that she had never had any disease of the lungs, and had not consulted a physician for certain designated diseases, including influenza, and had not, within the last five years, consulted any physician for any illness, and that none of her brothers or sisters had ever had tuberculosis, these representations were as to matters material to the risk, and where they were false, even though they may have been made in good faith and not fraudulently, the policy was thereby rendered void. *Metropolitan Life Ins. Co.* v. *Shaw*, 30 *Ga. App.* 97 (117 S. E. 106); *Puckett* v. *Metropolitan Life Ins. Co.*, 32 *Ga. App.* 263 (122 S. E. 791); *Sovereign Camp Woodmen of the World* v. *Parker*, 36 *Ga. App.* 695 (138 S. E. 86). In a suit by the beneficiary under the policy, to recover thereon for the death of the insured, where the defense interposed was that the policy was rendered void by false representations made by the insured which were material to the risk, where it appeared from uncontradicted testimony that the insured had within about one or two years prior to the date of the application, according to her statement, suffered from bronchial trouble, that the year before she had a spell of sickness and was confined to her bed, that during that year she was under the care of a physician who visited her twelve times and treated her for "a cold or something like 'flu," that she received medical attention from the physician twice within a month prior to the date of the application, that on the date of the application she was sick in bed and got up and went out to receive the agents and sign the application, that ten years prior to the date of the application her sister had died from tuberculosis, that the sister had been confined at the State sanitarium for the treatment of tuberculosis at Alto, Georgia, and the applicant had visited her there, that about one year to the day following the date of the application the applicant

died from "pulmonary tuberculosis," the policy was void, and the verdict for the defendant was properly directed. *Metropolitan Life Ins. Co.* v. *James,* 37 *Ga. App.* 678 (141 S. E. 500); *Jefferson Standard Life Ins. Co.* v. *Henderson,* 37 *Ga. App.* 704 (141 S. E. 498).

2. The testimony of the plaintiff, who was the beneficiary under the policy and the husband of the insured, as respects the truth of the representations made by the insured in the application, was purely negative, and when construed most strongly against him, as must be done, as he is a party to the case, is not sufficient to authorize the inference that any of the representations of the insured referred to were not false.

3. The fact that the agents of the company who took the insured's application may have known that at the time of the application the insured was sick, and that the agents' notice of this fact may have been imputable to the company does not affect the falsity of the answers made by the insured to the questions contained in the application. This ruling is not in conflict with the decision in *Brown* v. *Mutual Life Ins. Co.,* 29 *Ga. App.* 794 (116 S. E. 559).

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 1, 1932.

*E. W. Roberts, Orrin Roberts,* for plaintiff.
*Lamar C. Rucker, Morris Kelly, W. G. Cornett,* for defendant.

