21926. Schofield's Sons Company v. Mabry *et al.*

Jenkins, P. J. 1. While it is the general rule that where a suit is brought jointly by two plaintiffs upon a contract alleged to have been made with both of them, a recovery is not authorized when the proof shows that the contract was with only one of the plaintiffs, such a variance between the allegata and the probata being fatal (*Glausier* v. *Boston Naval Stores Co.*, 132 *Ga.* 549, 64 S. E. 547; *Hutcheson* v. *Mehaffey*, 162 *Ga.* 630, 134 S. E. 756), in the instant case, under the proof submitted, the jury were authorized to find that the two firms of attorneys suing as joint plaintiffs were jointly employed to represent the defendant in the litigation out of which the claim sued on arose, and the verdict in favor of the plaintiffs can not, therefore, be set aside as being unauthorized by law.

2. In view of the testimony as to the services rendered by the plaintiff, and the value placed thereon by members of the legal profession testifying in their behalf, it can not be said as a matter of law that the verdict was excessive.

3. The remaining assignments of error are not referred to in the briefs of counsel, and will be treated as abandoned.

*Judgment affirmed. Stephens, J., concurs. Sutton, J., disqualified.*

DECIDED SEPTEMBER 21, 1932.

*Brock, Sparks & Russell, Hall, Grice & Bloch,* for plaintiff in error.

*Mabry, Reaves & Carlton, Martin, Martin, Snow & Gillen,* contra.