## 23516. MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION *v.* BELL.

DECIDED MARCH 26, 1934.   ADHERED TO ON REHEARING, SEPTEMBER 19, 1934.

*Harris, Russell, Popper & Weaver,* for plaintiff in error.

*Miller & Lowrey,* contra.

SUTTON, J.   The plaintiff made application to the defendant insurance company for a policy of health and accident insurance, which was issued to him, the application being attached to and made a part of the policy.   Thereafter plaintiff became totally disabled as a result of diabetes.   His demand upon the insurer for payment under the policy was refused, and he brought suit on the

policy. The defendant contended that the policy was void because the plaintiff· had, in answer to a question propounded in the application, failed to disclose that he had other health and accident insurance, and had failed to disclose that he had been treated by a physician prior to his application for this insurance. The trial resulted in a verdict for the insured for the full amount sued for, with twenty-five per cent. damages and attorney's fees, as provided by section 2549 of the Civil Code (1910). The defendant moved for a new trial, the motion was overruled, and to this judgment it excepted.

■ It is insisted by counsel for the insurance company that the trial court erred in permitting the plaintiff, the insured in .a policy of health and accident insurance, to testify that when he stated, in answer to the question propounded to him in the application for the policy, as to whether he had other health and accident insurance, that he had a policy of health and accident insurance with the Gem City Life & Accident Insurance Company, without disclosing to the insurance company that he also had at that time two policies of life-insurance, each containing a total-disability clause, he did not consider these two policies of life-insurance, with total-disability clauses, health and accident insurance, and therefore did not inform the insurer thereof in the answer to said question; this testimony being objected to upon the ground that such failure on the part of the plaintiff to disclose, in his answer to this question, that he had such two policies of life-insurance, with total-disability clauses, constituted such a material variation from the truth as avoided the policy of insurance sued on, in that such failure to supply in full the information sought by this question in the application was such a variation from the truth as to change the nature, extent, or character of the risk, and voided the policy regardless of whether the answer was made in good faith, without knowledge of its untruth or not. The application for insurance in this case was attached to and made a part of the contract of insurance. In other words, the insurance company contends that the question of good faith or motive does not enter into the question at all; but that where an applicant for insurance fails to state a material fact in his application, which is made a part of the policy, such omission voids the policy, ·if the fact omitted is material to the risk, whether the failure to state the same is wilful and fraudulent or in good faith

by reason of an oversight or of mistaken judgment as to its materiality.

At the outset it is well to note that prior to the act of August 17, 1906, the answers to material questions in the application for insurance were considered as covenants and warranties on the part of the applicant. *Southern States Life Ins. Co.* v. *Wilkinson,* 53 *Ga.* 535 (10), 550. However, this act, now embodied in section 2471 of the Code of 1910, is in the nature of the statute of frauds and was designed for the protection of persons insuring their lives or property. The portion of this statute pertinent for our consideration is as follows: "All life insurance . . policies issued upon the life . . of persons within this State . . which contain any reference to the application for insurance . . shall contain, or have attached to said policy, a correct copy of said application signed by the applicant, . . and unless so attached . . such application" shall not "be considered a part of the policy or contract between such parties." Civil Code (1910), § 2471. Under this section, the application on which an insurance policy is based is not to be considered as a part of the insurance contract, unless a copy of the application is attached to or accompanies the policy; and this is true though it be sought by the express terms of the policy itself to make such unattached application a part of the agreement. *Bankers Health & Life Ins. Co.* v. *Murray,* 22 *Ga. App.* 495 (96 S. E. 347); *Wilkins* v. *National Life & Acc. Ins. Co.,* 23 *Ga. App.* 191 (97 S. E. 879); *Interstate Life & Acc. Ins. Co.* v. *Bess,* 35 *Ga. App.* 723 (134 S. E. 804), and cit.; *Couch* v. *National Life & Acc. Ins. Co.,* 34 *Ga. App.* 543 (130 S. E. 596); *Ætna Life Ins. Co.* v. *Foster,* 43 *Ga. App.* 658, 662 (159 S. E. 882); *Johnson* v. *American &c. Ins. Co.,* 134 *Ga.* 800 (68 S. E. 731). Therefore statements made in the application are not to be treated as warranties or covenants, on account of the failure or falsity of which the policy may be avoided, unless a copy of the application is attached to the policy or accompanies it, though representations contained in the application, if fraudulently made, may give to the insurance company the right to avoid the policy. Thus, it has been held that while it is true that the representations as made in such an unattached application can not be treated as part of the contract, and are not to be taken as covenants or warranties, still if such statements furnished the actual basis on which

the policy was issued, and they were not only false but were also fraudulently made by the applicant acting for himself, the insurer may set up such facts as a means of avoiding the policy, not under and by virtue of the terms of the contract, but for the reason that the insurance is thus shown to have been fraudulently procured. *Bankers Health & Acc. Ins. Co.* v. *Murray,* supra; *Wilkins* v. *National Life & Acc. Ins. Co.,* supra; *Life Ins. Co.* v. *Pale,* 23 *Ga. App.* 232 (97 S. E. 874). The effect of noncompliance with the above section of the code on the part of the insurance company is that the application shall not be considered a part of the insurance contract. *Southern Life Ins. Co.* v. *Logan,* 9 *Ga. App.* 503 (71 S. E. 742); *Southern Life Ins. Co.* v. *Hill,* 8 *Ga. App.* 857 (70 S. E. 186).

We will consider first the effect of an actual misrepresentation made by the assured, in answer to a question propounded to him in the application for the insurance, as to a matter material to the risk, where the application is attached to and made a part of the policy of insurance sued on. In the early case of *Southern Life Ins. Co.* v. *Wilkinson,* supra, it was ruled that applications for insurance, under the provisions of our code, "must not only be made in the utmost good faith, but the representations contained therein are covenanted to be true by the applicant. Not that they are warranties so as to vacate the policy, if any of them, whether material or not, are not true; but any variation in them from what is true, whereby the nature or extent or character of the risk is changed, will, if the policy makes them the basis of the contract of assurance, void the policy, whether they are or are not wilfully and fraudulently made." The sections of the code considered in the decision of the above case and of the cases hereinafter referred to are as follows: "Every application for insurance must be made in the utmost good faith, and the representations contained in such application are considered as covenanted to be true by the applicant. Any variation by which the nature, or extent, or character of the risk is changed will void the policy." Civil Code (1910), § 2479. "Any verbal or written representations of facts by the assured to induce the acceptance of the risk, if material, must be true, or the policy is void. If, however, the party has no knowledge, but states on the representation of others, bona fide, and so informs the insurer, the falsity of the information does not void the policy." Civil

Code (1910), § 2480. The principle ruled in 53 *Ga.*, supra, which was but an application of the two code sections quoted above, was applied in *Mobile Fire Dept. Ins. Co.* v. *Coleman,* 58 *Ga.* 251, *Phenix Ins. Co.* v. *Fulton,* 80 *Ga.* 224 (4 S. E. 866), *Morris* v. *Imperial Ins. Co.,* 106 *Ga.* 461 (32 S. E. 595), and *Northwestern Life Insurance Co.* v. *Montgomery,* 116 *Ga.* 799, 805 (43 S. E. 79). The principal case on this subject was probably *Supreme Conclave Knights of Damon* v. *Wood,* 120 *Ga.* 328 (47 S. E. 940), where it was held that "Where an applicant for life-insurance covenants in his application that the statements made to the medical examiner are true, and these statements are made a part of the contract of insurance and form the basis of such contract, any variation in them, which is material, whereby the nature or extent or character of the risk is changed, will avoid the policy, whether the statement was made in good faith or wilfully or fraudulently." In that case the Supreme Court said that, construing our code sections referred to above, "a policy can not now be avoided upon the ground of the falsity of a representation, though warranted, unless that representation be material and the variation from the truth be such as to change the nature, extent, or character of the risk. . . The representations when made, if material, are warranties under the code, but they differ from the ordinary warranty in that their falsity does not avoid the policy unless they are material and the variation from truth is such as to change the nature, extent or character of the risk. It is therefore immaterial whether the warrantor acted in good faith in making them." The questions presented for determination in a case as to whether representations of facts by the insured to induce the acceptance of the risk, if material, must be true or the policy is void are : (1) Was the representation false ? (2) If so, was it made in reference to a matter material to the risk ? *Sovereign Camp W. O. W.* v. *Beard,* 26 *Ga. App.* 130 (105 S. E. 629). Some other cases in which it is held that fire, life, and accident insurance policies are voided where the insured makes representations which are false, though the same are made in good faith, if they relate to material matters, are *Southern States Life Ins. Co.* v. *Morris,* 24 *Ga. App.* 746 (102 S. E. 179) ; *Metropolitan Life Ins. Co.* v. *Shaw,* 30 *Ga. App.* 97 (117 S. E. 106) ; *Sovereign Camp W. O. W.* v. *Beard,* supra; *Mutual Life Ins. Co.* v. *Bolton,* 22 *Ga. App.* 566 (96 S. E. 442) ; *Lee* v. *Metro-*

*politan Life Ins. Co.,* 158 *Ga.* 517 (123 S. E. 737); *Supreme Lodge* v. *Few,* 138 *Ga.* 778 (76 S. E. 91); *Travelers Protective Asso.* v. *Belote,* 21 *Ga. App.* 610 (94 S. E. 834); *Sovereign Camp W. O. W.* v. *Parker,* 36 *Ga. App.* 695 (138 S. E. 86); *Jefferson Standard Life Ins. Co.* v. *Henderson,* 37 *Ga. App.* 704 (141 S. E. 498); *Puckett* v. *Metropolitan Ins. Co.,* 32 *Ga. App.* 263 (122 S. E. 791); *Thompson* v. *Metropolitan Ins. Co.,* 45 *Ga. App.* 90 (163 S. E. 527). The Supreme Court of the United States has placed upon sections 2479 and 2480 of the Civil Code of Georgia, in connection with false representations in an application for insurance, attached to the policy, the construction adopted by the appellate courts of our State. Ætna Life Ins. Co. *v.* Moore, 231 U. S. 543 (34 Sup. Ct. 186, 58 L. ed. 356); Prudential Ins. Co. *v.* Moore, 231 U. S. 560 (34 Sup. Ct. 191, 58 L. ed. 367). However, in order to have the effect of avoiding the policy the representations in the application must be as to matters material to the risk or hazard assumed by the insurer; that is, the warranties must be as to matters which tend to change the extent or character or nature of the risk. False statements in the application as to matters immaterial to the risk do not have the effect of avoiding the policy, though the application is attached to and made a part of the contract of insurance. *Mobile Fire Dept. Ins. Co.* v. *Miller,* 58 *Ga.* 420; *Supreme Conclave Knights of Damon* v. *Wood,* supra; *Rosser* v. *Georgia Home Ins. Co.,* 101 *Ga.* 716 (29 S. E. 286); *German American Mutual Life Ins. Asso.* v. *Farley,* 102 *Ga.* 720 (29 S. E. 615); *Brown* v. *Mutual Life Ins. Co.,* 29 *Ga. App.* 794 (116 S. E. 559).

In general it may be said that the test, in determining whether questions contained in an application for insurance are material, is whether knowledge or ignorance of the facts sought to be elicited thereby would materially influence the action of the insurer. It is now generally well settled that a material representation is one that would influence a prudent insurer in determining whether or not to accept the risk, or in fixing the amount of the premium in the event of such acceptance. The materiality of a concealment or representation of fact depends, not on the ultimate influence of the fact upon the risk or its relation to the cause of the loss, but on the immediate influence upon the party to whom the communication is made, or is due, in forming his judgment at the time of entering into the contract. The party thus sought to be influenced is generally the insurance company.

The foregoing principles of law, touching the materiality of representations in applications for insurance policies and the effect thereof upon such contracts when they are untrue, relate to actual misrepresentations of fact made in answer to questions propounded in the application for insurance, and not to the failure of the applicant to state material facts, or his concealment of such facts. Different sections of the code govern the effect thereof from those governing actual misrepresentations of facts in applications for insurance; and on the question of good faith or lack thereof the courts, applying the applicable code sections, have ruled differently.

However, in the instant case, the question we have for consideration involves the effect to be given to the failure of the application to state a material fact in answering a question propounded to him in an application for insurance, which application is attached to and forms a part of the policy of insurance sued on, where the failure to state such fact is made in good faith and without intention to work a fraud upon the insurance company. The applicant in this case was asked a question, that is, did he have other health and accident insurance, and in answer thereto, as contended by the insurance company, he failed to give a full and truthful answer, that is, he failed to disclose the existence of two policies of insurance, which the insurer deems health and accident insurance, and which, for the sake of the argument, we will, for the moment, concede to be such. Therefore, the failure of the applicant to answer in full the question propounded in the application constituted a failure to state material facts in his application for insurance. The applicant failed to disclose the existence of other insurance. So here we have a failure to state a material fact, or a concealment thereof, by the applicant. Is the element of good faith on the part of the applicant involved? Knowledge on the part of the insurer of the existence of other health and accident insurance on the insured in this case was material to the risk; and had the insurer known of the existence of two additional policies of health and accident insurance, it might be that it would have considered the insured as carrying more of such insurance than it would be safe to permit him to carry. However, as we have seen, there is no such magic in a contract of insurance as to take it out of the ordinary rules which govern the construction of contracts between parties touching other matters; and the provisions of the code as to insurance contracts govern the

contract between the insured and the insurer, regardless of the stipulations in the policy itself. The Code governs the construction of the contract, and the construction of the Code has been settled. An express stipulation in an insurance contract contrary to the construction placed by our courts upon the sections of the Code dealing with a failure to state a material fact in an application for insurance, or a concealment of such fact by the applicant, would be, at the bottom, an attempt to repeal the law. *Mobile Fire Dept. Ins. Co.* v. *Coleman,* supra; *Globe & Rutgers Fire Ins. Co.* v. *Smyly,* 155 *Ga.* 547, 550 (117 S. E. 819); *Ætna Life Ins. Co.* v. *Conway,* 11 *Ga. App.* 557 (75 S. E. 915). The rulings in all the cases dealing with a failure of an applicant for insurance to disclose material facts in the application, or a concealment of matters which tend to increase the risk, are based on two sections of the Civil Code. These are: "A failure to state a material fact, if not done fraudulently, does not void; but the wilful concealment of such a fact, which would enhance the risk, will void the policy." § 2481. "Wilful misrepresentation by the assured, or his agent, as to the interest of the assured, or as to other insurance, or as to any other material inquiry made, will void the policy." § 2483. If policies of insurance could be avoided for the mere failure to state a material fact, without reference to the motive by which the insured was influenced in making the omission, it would nullify these two sections of the Code. If the failure to state the fact in the application was the result of an oversight, or other cause, and was not done fraudulently, it would not avoid the policy. *German American Life Asso.* v. *Farley,* supra. In several cases in this court it has been held, that while failure to state a material fact will not void the policy unless such failure be fraudulent, a wilful concealment of such a fact, which would enhance the risk, will void the policy. *Ætna Life Ins. Co.* v. *Conway,* supra; *Empire Life Ins. Co.* v. *Jones,* 14 *Ga. App.* 647 (82 S. E. 62); *Mutual Life Ins. Co.* v. *Bolton,* supra. In *Ætna Life Ins. Co.* v. *Conway,* supra, it was held that in the case of a failure to state a material fact or concealment thereof, the important inquiry is, first, was the concealment wilful; and if so, did it relate to a matter material to the risk? In *Phillips* v. *New York Life Ins. Co.,* 173 *Ga.* 135 (159 S. E. 696), the Supreme Court based its ruling upon the above decisions of this court and upon section 2481 of the Code, and held that where the

applicant for reinsurance had acted wilfully, the policy was voided. This court, in *Pilgrims Health & Life Ins. Co.* v. *Smith,* 41 *Ga. App.* 287 (152 S. E. 592), approved this charge of the trial court as correct: "I charge you that the failure to state a material fact, if not done fraudulently, does not void, but the wilful concealment of such a fact, which would enhance the risk, will void the policy." Again, in *Peninsular Casualty Co.* v. *McCloud,* 47 *Ga. App.* 316 (170 S. E. 396), it was held that "The mere failure to state material facts in an application for insurance, when not done fraudulently, will not avoid a policy of insurance." In *Watertown Fire Ins. Co.* v. *Grehan,* 74 *Ga.* 642, 656, the Supreme Court held that "The concealment of facts enhancing the risk must have been done fraudulently, in order to avoid the policy; it must have been wilful. . . There must be a wilful intent to defraud, rather than an innocent mistake." In making this ruling the court was dealing with the provisions of sections 2481 of the Code, then section 2804 of the Code of 1882. Sections 2481 and 2483 of the Code were given a similar construction in *Mobile Fire Dept. Ins. Co.* v. *Miller,* 58 *Ga.* 421, 426. There the court said: "A failure to state a material fact, if not done *fraudulently,* does not void the policy, but the wilful concealment of such a fact, which would *enhance the risk,* will void the policy. . . *Wilful* misrepresentation by the assured as to any *material* inquiry made will void the policy."·

Of course, it has been ruled repeatedly that whether the variation claimed changed the nature, or extent, or character of the risk to the insurer, or whether it was material, or whether a failure to state a material fact was fraudulent, or whether the concealment of such a fact as would enhance the risk was done wilfully, were all questions of fact to be passed upon by the jury, except where all the testimony relating to the issue under consideration excludes every reasonable inference but one; then it becomes a question of law for determination by the court. See *Empire Life Ins. Co.* v. *Jones,* supra; *Mutual Life Ins. Co.* v. *Bolton,* supra; *Connecticut Mut. Life Ins. Co.* v. *Mulkey,* 142 *Ga.* 358 (82 S. E. 1054).

So it is our opinion that under the decisions of our appellate courts, construing sections 2481 and 2483 of the Code, before a failure to state a material fact in an application for insurance, which is attached to and forms a part of the policy, will void the policy, the omission must have been fraudulent, and before the concealment of·

such a fact as would enhance the risk will void the policy, the same must have been wilfully made by the applicant, and that in a suit on a policy of insurance, where the insurer depends upon the ground of the failure of the applicant to state a material fact in his application or of his concealment of a fact which would enhance the risk, evidence is admissible which tends to show that the applicant, in failing to state such material fact, did not fail to do so fraudulently, or, in concealing a fact which enhances the risk assumed by the insurer, did not do so wilfully. It was competent, in this case, for the jury to pass upon the bona fides of the applicant in stating in his application, in answer to the question whether he had other accident or health insurance, that he had a policy with a named company, without disclosing that he had two policies of life insurance, each containing a total-disability clause.

It follows that the trial court did not err in permitting the insured to testify that the life-insurance policies held by him, containing such total-disability clauses, were not considered by him to be health and accident insurance policies; and that the reason why, in his answer to such question, he did not state that he had them was that he did not consider them health and accident insurance policies.

The trial court did not err in refusing to admit in evidence the life-insurance policies which the plaintiff had on his life at the time he made application to the defendant company for the health and accident insurance policy sued on in this case. The fact that they contained total-disability clauses would not render them straight health and accident policies, or what is ordinarily meant by health and accident insurance policies. Provident &c. Ins. Co. v. Kimmer, 157 Tenn. 597 (12 S. W. (2d) 365); Logan v. Fidelity & Cas. Co., 146 Mo. 114 (47 S. W. 948); Mutual Reserve Life Ins. Co. v. Dobler, 137 Fed. 550; Briggs v. Bankers Acc. Ins. Co., 214 Ill. App. 181. The plaintiff, as a matter of law, not having wilfully and fraudulently failed to state, or concealed, a material fact or a fact which would enhance the risk in answer to the question in the application as to other health and accident insurance, by failing to state that he had said life-insurance policies containing total-disability clauses, the failure of the court to admit said life policies in evidence would not be a reversible error. The real issue was whether the insured had wilfully and fraudulently concealed a

material fact or failed to state a material fact, and the admission or rejection of said policies of life-insurance by the court could hardly have affected the issue to be determined.

■ The court did not err in allowing in evidence a receipt given to the insurer by the insured for a settlement of a suit by him for the monthly payments under the policy sued on from August 15, 1931, the date when the insured became wholly disabled, to February 15, 1932, the present action being for monthly payments from February 15, 1932, to the date of the filing thereof, where counsel for the insured stated that said receipt was offered in evidence solely for the purpose of showing why the present action was for monthly payments from February 15, 1932, and not from August 15, 1931, and the court expressly limited such evidence to be considered by the jury only for this purpose.

■ The court did not err in refusing to allow the insurer to introduce in evidence a hospital record of the insured, kept by an interne at the hospital. This evidence was not material to the issues involved. In it, it was stated that the insured told the interne that he went to see a doctor about pains in his legs about three years prior thereto and was advised to take treatment, but he did not do so, and the record was dated June 23, 1931, whereas the policy sued on was issued by the defendant on November 14, 1927, and the other evidence showed that the doctor referred to by the insured in the record was Dr. Newman, whom he visited in the summer or fall of 1928. This evidence was not admissible as tending to show that the insured had diabetes in 1927. Furthermore, the written statement referred to was hearsay. *Gilmer* v. *Harrison*, 146 *Ga.* 721 (92 S. E. 67) ; *Brown* v. *Caylor*, 144 *Ga.* 302 (87 S. E. 295, Ann. Cas. 1916D, 745) ; *Hightower* v. *Ansley*, 126 *Ga.* 8 (54 S. E. 939, 7 Ann. Cas. 927) ; *Moultrie Lumber Co.* v. *Driver Lumber Co.*, 122 *Ga.* 26 (49 S. E. 729). A hospital record, chart, or history of a patient's illness, or bedside notes are not admissible, being purely hearsay. Delaney *v.* Framingham Casualty &c. Co., 202 Mass. 356 (88 N. E. 773) ; Levy *v.* Mott Iron Works, 143 App. Div. 7 (127 N. Y. Supp. 506) ; Griebel *v.* Brooklyn Heights R. Co., 95 App. Div. 214 (88 N. Y. Supp. 767), affirmed 184 N. Y. 528 (76 N. E. 1096).

■ Counsel for the insurance company propounded to its agent this question : "Assuming that the answer to the question as to

other health and accident insurance should show an amount which the company would consider out of line with the risk, what would your company do about issuing the policy?" The court did not err in refusing to allow the witness to answer this question. Evidence is not admissible to show that the facts alleged to have been suppressed or falsely represented in the application would have been deemed material in passing on the application, and that the company would not have issued the policy had it known the truth in regard thereto. The company's agents or officers can not be permitted to testify that the application would have been rejected if certain facts had been truthfully stated therein. *Brown* v. *Mutual &c. Ins. Co.,* supra; New Era Asso. *v.* Mactavish, 133 Mich. 68 (94 N. W. 599); 33 C. J. 116, § 841.

■ Shortly prior to the time plaintiff applied for the policy of insurance sued on, he was treated by a physician for sprained ankles. He was confined to his bed as a result thereof. At the time he sprained his ankles he had accident insurance with another company. He filed a claim and that company settled with him. On November 14, 1927, the insured made application for the contract of insurance sued on. On the face of the application, immediately following a question as to whether the insured had ever made a claim on account of any injury or illness, there appeared this endorsement: "Sprained ankle prior to 11/14/27." On the back of the application there is this endorsement: "It is understood and agreed that neither the holder of this certificate or his beneficiary shall be entitled to any benefits for disability resulting, wholly or in part, directly or indirectly to sprained ankle prior to 11/14/27." In these circumstances, the fact that it appears in the application that the insured did not specifically, in answer to a question as to whether he had ever made claim for or received indemnity on account of any injury or illness, state that he had filed a claim for the injury to his ankles with another insurance company, which had been settled, could not be taken advantage of by the insurer in this case as being a wilful misrepresentation of a material fact. Such facts show that the insurer had notice of the prior injury of the plaintiff to his ankles. The insurer expressly exempted itself from any liability from any disability resulting from such prior injury. Any reasonable sort of inquiry made by the insurer, with this knowledge in its possession, would have led to the finding out of any

information which the correct answer of the insured thereto would have enabled it to ascertain.

When this application was forwarded to the home office of the insurer, and there approved by the officials of the company in charge of its application department, actual knowledge of the contents of the application and of the matters therein and those to which a reasonable inquiry would have led was brought home to the insurer, and it will not be heard to complain that the insured failed to state in his application that he had, a short time previous to the application, received an injury to his ankles for which he received treatment by his physician, naming him. That such knowledge was brought home to the insurer is borne out by the fact that it expressly limited its liability and added an endorsement on the face of the application and policy that it would not be liable for any disability resulting from the sprained ankles. In the decision of this court in *Metropolitan Life Ins. Co.* v. *Dodd,* 41 *Ga. App.* 243 (152 S. E. 850), there is nothing contrary to what we hold in the case at bar. Under the facts of that case, the court held that the insurer had only constructive notice of the sickness of the applicant, whereas in the instant case the evidence authorizes a finding that the insurer had actual knowledge of facts which would have readily disclosed all material information to the insurer upon a reasonable inquiry.

■ The court did not err in charging the jury that if they believed from the evidence that the defendant's refusal to pay the claim was in bad faith, they would consider how much damages they would assess, but that they could not give more than twenty-five per cent. damages and reasonable attorney's fees, "and whatever is reasonable you get from the evidence on the stand. All those matters you get from the evidence in the case." The instruction complained of did not direct the jury to find that the defendant was liable for damages and attorney's fees. Civil Code (1910), § 2549. The evidence showed that the insured became totally disabled on August 15, 1931, that a proper demand for payment was made to the insurer, that it promised to send its physician and claim examiner to see the plaintiff, that the insurer and the plaintiff corresponded about the claim until December, 1931, that the company did at no time prior thereto refuse to pay, and that in December, 1931, without having sent a representative to the plaintiff, the local

agent of the insurer stated that the company refused to pay the claim and that the plaintiff would have to get a lawyer to collect it. In these circumstances, the court having charged the jury correctly on this subject, we can not hold that the jury were unauthorized to find that the defendant acted in bad faith and that the plaintiff was not entitled to a verdict for damages and attorney's fees under the above-cited section of the Code. *Continental Aid Asso.* v. *Hand,* 22 *Ga. App.* 726 (97 S. E. 206); *Central Manufacturers Mutual Ins. Co.* v. *Graham,* 24 *Ga. App.* 199 (199 S. E. 434); *Southern Surety Co.* v. *Fortson,* 46 *Ga. App.* 265 (4) (167 S. E. 335).

■ The court charged the jury as follows: "The defendant also contends that in answer to a question in reference to visits by a physician, in a professional way to the plaintiff in this case, that he made an untruthful answer. I charge you in that connection that if the evidence establishes to your satisfaction that the plaintiff . . made a false statement in reference to the professional visits of a physician, within the time set out in the question, which I believe was five years prior to the issuance of the policy, and if those visits were made in connection with a malady that was not frivolous and trifling, but if he was called in for the purpose of treating him for some disease which required the treatment of a physician, why that misrepresentation would invalidate the policy."

While this instruction was not exactly accurate, it did not tend to harm the insurer, because the jury were instructed therein that if the plaintiff had been visited by a physician prior to the time of the application, for the purpose of being treated for a sickness "that was not frivolous and trifling, but if he was called in for the purpose of treating him for some disease which required the treatment of a physician, why that misrepresentation would invalidate the policy." The true rule is this: where the applicant, prior to the time he applied for the insurance, had been treated by a physician for a trivial or temporary indisposition which did not tend to affect his general health, and had not had a serious illness or disease, the failure to state in his application that he had been treated by a physician for a previous illness, and to name the physician who treated him, would not constitute such a misrepresentation of a material fact as would invalidate the policy of insurance. *Federal Life Ins. Co.* v. *Summergill,* 45 *Ga. App.* 830 (166 S. E. 54).

In insurance cases "It has been held that 'good health' does not ordinarily mean freedom from infirmity, and that 'good health' or 'sound health' means a state of health free from disease or ailment that affects the general soundness and healthfulness of the system seriously." *Atlantic & Birmingham Ry. Co.* v. *Douglas,* 119 *Ga.* 658, 661 (46 S. E. 867). The law does not mean that the previous indisposition of the applicant must have been frivolous and trifling, in order for the failure of the applicant to mention it not to amount to a material misrepresentation; nor does it mean that if the previous sickness was one requiring treatment by a physician, it was necessarily such an illness as would as a matter of law constitute a serious illness or one that would make an answer by the applicant that he had had no previous illness or had not been treated by a physician such a false representation of a material fact as would void a policy of insurance. Under the test that the false representation must be as to a material matter, that is a matter that induced the insurer to accept the risk, if the applicant had been previously treated by a physician and it was for an illness which constituted a grave impairment or derangement of his organic functions or a serious disease, a false answer in the application in respect thereto would invalidate a policy of health and accident insurance. *National Life & Accident Ins. Co.* v. *Smith,* 34 *Ga. App.* 242 (129 S. E. 113); *National Life & Accident Ins. Co.* v. *Martin,* 35 *Ga. App.* 1 (132 S. E. 120). However, even if inaccurate, this charge was more favorable to the defendant insurer than to the plaintiff insured, and it will not cause the grant of a new trial.

■ The defendant contends that the court erred in failing to charge the jury as to the effect of the failure to disclose the fact that the plaintiff had previously applied for payment of benefits under another accident or health policy, that the court charged on the question in the application for the insurance as to whether or not he had ever made a claim for or received indemnity on account of any injury or illness, but that the court did not charge under what circumstances said misrepresentation as to the claim which he had filed with the Gem City Health & Accident Insurance Company would have on the validity of the policy, and that this omission to charge was prejudicial to the defendant, the defendant being entitled to have the law as to the effect of such misrepresentation accurately given. The evidence discloses that the insured had a

policy of accident insurance, taken out with the Macon Telegraph newspaper, in 1925, and had an automobile accident in 1925, and collected thereunder; and the evidence further discloses that the insured had an accident, which resulted in sprained ankles, about the latter part of 1927, that he had a policy of accident insurance with the Gem City Health & Accident Insurance Company at that time, that he made a claim under that policy with that company and that that company paid the claim. In the application for the policy sued on, which is attached to and made a part of the defendant's answer, this question was propounded to applicant: "Have you ever made claim for or received indemnity on account of any injury or illness? If so, give companies or associations, dates, amounts and causes." The answer was: "Yes, A. C. M. Tel. paper accidentally auto accident Feb. 1925, $130 (two sprained ankles prior to 11/14/27." It further appears from this application that the insurer had endorsed thereon the following: "It is understood and agreed that neither the holder of this certificate or his beneficiary shall be entitled to any benefits for disability resulting wholly or in part, directly or indirectly, to sprained ankles prior to 11/14/27. Approved C. C. Criss, Treas. Dated Nov. 14, 1927." The court charged the jury that the application was a part of the insurance contract in this case; and that if there were false statements made by the insured as to material matters, the policy would be invalidated. The court charged the jury, in stating the contentions of the parties, that "The defendant charges further in its defense that one of the questions asked in the application of the plaintiff was whether or not he had filed any claim for indemnity, or [been] paid from any insurance company, accident or health, within or prior to the issuance of this policy. The defendant claims that the plaintiff . . made a false statement in reference to filing a claim with a certain company,—I charge it is the Gem Insurance Company; you will remember the evidence." Further on in the charge the court instructed the jury that "Where it is contended that a representation is false and voids the policy, the representation must be not only false, but material to the acceptance of the risk, that is, in this case you must determine not only whether or not representations defendant claims are false, but also whether or not they are material to the risk." It will be noted that the plaintiff did not falsely answer the question propounded as to whether

he had received any indemnity from any prior accident claims, but rather, in answer to such question, stated that he had had a policy with the Macon newspaper and had received the sum of $130 therefrom on account of an automobile accident in February, 1925. At most, all that could be said of plaintiff's answer to this question was that he did not fully answer the same. He fully answered the question as to the automobile accident in February, 1925; and then, from the notation on the face of the application, in parenthesis, as to the sprained ankles prior to November 14, 1927, the date on which the application was made, the plaintiff apparently informed the agent of the insurer, who was writing down the answers of the plaintiff to the questions propounded to him in the application, as to the injury to his ankles which he sustained in the latter part of October, 1927, and for which the evidence discloses that he was treated by Dr. James Ross, his family physician. Had the defendant desired a specific instruction from the court as to the effect to be given to the failure of the plaintiff to fully answer any question as to a material fact, propounded to him in the application for the insurance, which was made a part of the insurance contract, it should have duly requested the court in writing for such an instruction. There is no merit in this ground of the motion for a new trial.

The court charged the jury that "where it is contended that a representation is false and voids the policy, the representation must be not only false but material to the acceptance of the risk; that is, in this case you must determine not only whether or not the representations defendant claims [were made] are false, but also whether or not they are material to the risk; and the burden of proof is on the defendant to prove they are false and material, to your satisfaction, by a preponderance of the evidence." This charge was not error, but stated a correct principle of law. As a general rule, if the insurer relies on false or fraudulent statements on the part of the insured in procuring the insurance, in order to avoid the policy or liability thereon, it has the burden of proving such facts and that they are material to the risk. *O'Connell* v. *Supreme Conclave Knights of Damon*, 102 *Ga.* 143 (2) (28 S. E. 282, 66 Am. St. R. 159) ; *Lamb* v. *Empire Life Ins. Co.*, 143 *Ga.* 180 (84 S. E. 439). Said charge was not error as an abstract principle of law because it required the defendant to show not only

false representations in the application for insurance, but went further and required the defendant to show that such misrepresentations were material. Where an insurance company, in defense to a suit on a policy of insurance, pleads that the policy is void on account of certain false representations of material facts by the assured in his application, which is made a part of the contract of insurance, the same is in the nature of an affirmative plea, and the burden is cast upon the defendant insurer to show, not only that the representation of facts was made and that it was false, but also that the representation was as to matters material to the risk. Said charge stated a correct applicable principle of law, and was not error for any of the reasons assigned.

■ The evidence, with all reasonable inferences which could be drawn therefrom, did not show that the plaintiff, at the time he made application for the policy sued on, was suffering from diabetes of which he had knowledge. There was evidence, by plaintiff's family physician, who was treating him for sprained ankles at the time he procured the insurance sued on, that the doctor first knew that the plaintiff had diabetes in 1931, that at the time the plaintiff signed the application he had a physical sprain, and that he could not, from having made an examination of plaintiff in 1932, have told that plaintiff had diabetes in 1927, when he made application for this insurance. This evidence was corroborated by competent evidence of the plaintiff and of other physicians. There was no evidence that the plaintiff knew that he was suffering from diabetes in 1927. In these circumstances, the jury were fully authorized to find that the policy should not be avoided by the defendant on the ground that the plaintiff knew that he was suffering from diabetes at the time he made the application for this insurance, and falsely answered in the negative the questions relative thereto in his application. *National Life & Accident Ins. Co.* v. *Carter,* 46 *Ga. App.* 1 (146 S. E. 247); *National Life &c. Ins. Co.* v. *Lee,* 46 *Ga. App.* 4 (146 S. E. 253).

■ Certain exceptions pendente lite, filed by the defendant, complaining of the court's judgment in overruling the demurrer to the petition, and its judgment sustaining a special demurrer of the plaintiff to a part of defendant's answer, not being insisted upon in the brief of counsel for the defendant, will be treated by this court as abandoned. *Schofield Co.* v. *Mabry,* 45 *Ga. App.* 695 (3) (165 S. E. 890).

All the assignments of error insisted upon are controlled by the foregoing rulings. The evidence supported the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*