ROSSER *et al. v.* GEORGIA HOME INSURANCE CO.

1. A plea to the effect that a suit upon a policy of insurance had been brought before the expiration of the time limited in the policy, within which, after receiving proofs of loss, the insurer was not bound to pay, is a plea in abatement, and should have been filed at the first term, and if filed later, should have been stricken on motion.

2. Under the provisions of the code of this State, misrepresentations by the assured, whether fraudulent or otherwise, as to the value of the property insured, but which do not in any manner affect the risk, will not, except in case of "valued" policies, avoid a policy of insurance, and a plea setting up such misrepresentations as a defense against a suit instituted upon a policy, according to the terms of which the amount of recovery is open, after loss, to judicial inquiry, should be stricken on demurrer.

3. The only errors of law committed on the trial, and which would have authorized the grant of a new trial, related to matters growing out of pleas which the court erred in refusing to strike ; and inasmuch as, aside from such matters, no error of law was committed, and the evidence demanded a verdict for the plaintiff, the court erred in granting a new trial.

Argued June 12, — Decided July 9, 1897.

Action on insurance policy. Trial before Judge Clark. Motion for new trial before Judge Lumpkin. Rockdale superior court. December 8, 1896.

*A. C. McCalla, G. W. Gleaton* and *J. N. Glenn,* for plaintiff. *J. L. Travis* and *J. R. Irwin,* for defendant.

ATKINSON, J. On May 8, 1893, a three-year policy of insurance was issued by the defendant in error to the plaintiff in error, upon a dwelling-house, furniture, etc., therein. On June 27, 1893, the insured property was destroyed by fire, and on September 12, 1893, suit was brought upon the policy. The amount of the policy sued on was $500.00 upon the dwelling house and $150.00 on furniture and other personalty. The defendant below pleaded, among other things, that the suit was prematurely brought; for that proofs of loss under the policy were not filed until September 7, 1893; that by the conditions of the policy, the defendant had until November 6, 1893, within which to pay the loss claimed, and the suit was brought on September 12, 1893; and that said proofs of loss were not waived. Further, that the policy was fraudulently obtained by plaintiff representing to the agent of the defend-

ant that the property sought to be insured was worth not less than $700.00, when in truth and in fact said house was worth not exceeding $300.00, thus fraudulently overvaluing and erroneously stating the value of said property, and thus securing more insurance on said property than plaintiff could otherwise have secured; and by the terms of the policy, for the reasons set forth, the same is void. This plea was neither sworn to, nor was it filed until the 9th day of October, 1894. Upon the call of the case for trial, counsel for plaintiff moved the court to strike so much of defendant's plea as set up that the suit was prematurely brought, upon the ground that the same was a plea in abatement, and should have been filed and sworn to at the first term of the court, to wit, the October term, 1893. The court overruled the motion to strike so much of said plea, as aforesaid; to which ruling the plaintiff excepted, filed exceptions pendente lite thereon, and in said exceptions further assigned error, because the court erred in allowing, over the objection of plaintiff's counsel, the defendant to introduce evidence upon the question as to the suit being prematurely brought. Plaintiff further moved the court to strike so much of the defendant's plea as alleged fraud and overvaluation in the procurement of the policy, upon the ground that the question of fraud, overvaluation, etc., as alleged in the plea, could not be set up by way of defense, the same being a question for reform, rescission and reformation of the policy, and that defendant was estopped from insisting on said grounds as a defense in a suit on the policy after the property was destroyed by fire. The trial judge overruled this motion, to which ruling plaintiff excepted, filed exceptions pendente lite thereon, and in said exceptions further assigned error, because the court erred in allowing, over the objection of plaintiff's counsel, the defendant to introduce evidence in support of this plea. The cause proceeded to trial; resulted in a verdict in favor of the plaintiff. The defendant made a motion for a new trial, upon numerous grounds. Under the view we take of this case, it will be unnecessary here to enumerate them. The circuit judge sustained this motion and granted a new trial, to which judgment the plaintiff excepts; and we are now

to inquire whether, under the facts in the present case, the court below erred in this ruling.

1. We do not deem it necessary, in order to arrive at a correct determination of the present case, to take under extended consideration the exception made by the plaintiff in error to the refusal of the trial judge to dismiss the motion for new trial, for the reason that the brief of evidence was filed in compliance with the order of the circuit judge, and the motion for a new trial was properly made. The first question to which we will direct our attention is, whether or not the court erred in refusing to strike, upon motion of the plaintiff, that part of the defendant's plea which alleged that the suit had, under the terms of the policy, been prematurely brought. The defendant, in its plea, alleged that the suit had been brought before the expiration of the time limited in the policy, within which, after receiving proofs of loss, it was not bound to pay. This plea, if sustained, would have had the effect only to defeat this particular action. The cause of action itself would still have survived, and the plaintiff could, after the expiration of the time limited in the policy in which the insurer was not bound to pay, bring his action anew. It was a plea in abatement. It alleged a ground for abating the suit in the present case; but was not a good defense to the action upon its merits. This plea was neither filed at the first term nor verified. Our Civil Code, § 5058, provides, "No dilatory answer shall be received or admitted unless an affidavit shall be made to the truth thereof, and must be filed at the first term." A plea in abatement is a dilatory plea, and, under the statute above quoted, should be sworn to and filed at the first term, in order to authorize its reception or admission by the court. It not having been filed at the first term, it follows that the court should, upon motion of the plaintiff, have stricken this part of the defendant's plea, and failure so to do was error.

2. As a defense to this action the defendant further pleaded, "that said policy of insurance was obtained fraudulently, by plaintiff representing to the agent of the defendant that the property sought to be insured was worth not less than $700.00, when in truth and in fact said house was worth not exceeding

$300.00, and erroneously misstating the value of said property, and thus fraudulently securing more insurance on said house than the said Rosser could otherwise have secured, and by the terms of said policy the same is void for the reasons set out." Under the provisions of our law, we do not think this was a good plea; and the court should, upon demurrer, have stricken it. It does not allege misrepresentations or any fraudulent practice upon the part of the plaintiff in order to secure the insurance in question, which in any manner affected the risk to be assumed by the defendant company. Our Civil Code, § 2097, provides, that "Every application for insurance must be made in the utmost good faith, and the representations contained in such application are considered as covenanted to be true by the applicant. Any variation by which the nature, or extent, or character of the *risk* is changed, will void the policy." Section 2098 provides, that "Any verbal or written representations of facts by the assured to induce the acceptance of the *risk*, if material, must be true, or the policy is void." Section 2099 provides, that "A failure to state a material fact, if not done fraudulently, does not void ; but the wilful concealment of such a fact, which would enhance the *risk*, will void the policy."

In the case of *Mobile Fire Insurance Co.* v. *Miller*, 58 *Ga.* 420, it was held that a misstatement in an application for insurance must in some way change the nature, extent or character of the *risk* in order to void the policy.; and Chief Justice Warner, in delivering the opinion of the court in that case, after citing the section of the code first above quoted, said, "That is to say, any variation by which the nature, or extent, or character of the risk is changed, will constitute a breach of that covenant, and will void the policy. It is not any and every variation from the representations contained in the application, that will constitute a breach of the covenant of warranty and void the policy. The variation must be such as to change the nature, or extent, or character of the risk, in order to void the policy. If the insured should state in his application for a fire-policy, in answer to the question as to what was his age, that he was thirty years old, when in fact he was thirty-one, it would be a

variation, but not such a variation as would change the nature, or extent, or character of the risk of the insurance company."

According to the terms of the policy now under consideration, and under the law of this State, the amount of the loss of the plaintiff was open to judicial inquiry. It was incumbent upon him to prove the amount of his loss; and hence the sections of the code hereinabove referred to would apply. It would be otherwise if this were a "valued" policy, in which the sum to be paid as an indemnity in case of loss was fixed by the terms of the contract and by the law to be paid at all events and without reference to the real value of the property alleged to have been destroyed. In such a case, such overvaluation would raise a presumption of fraud upon the part of the applicant and would be a proper matter of substantive defense. See May on Insurance, § 30 et seq. From the foregoing, it is quite clear that the circuit judge erred in refusing to strike, upon demurrer, this part of the defendant's plea.

3. It would be unprofitable to discuss the various grounds contained in the motion for new trial. Upon a careful examination thereof, we find that the only errors of law committed on the trial related to matters which grew out of the pleas hereinbefore discussed, and which, as we have seen, the court erred in refusing to strike. Aside from such matters no error of law was committed. The evidence demanded a verdict for the plaintiff, and the finding of the jury should stand. We think, therefore, that the court erred in granting a new trial.

*Judgment reversed. All the Justices concurring.*