## 62.  GEORGIA CO-OPERATIVE FIRE ASSOCIATION *v.* LANIER.

1. In the absence of express language manifesting such an intent, a policy of fire-insurance will not be construed to be a "valued policy," so as to preclude, in case of a fire, full investigation as to the actual value of the property lost or destroyed.

2. The charge of the court entrenched upon the province of the jury as to the manner in which they should ascertain the actual loss to the insured, and was therefore erroneous.

Action on insurance policy, from city court of Savannah—Judge Norwood. January 29, 1906.

Argued February 5,—Decided February 13, 1907.

*Hitch & Denmark,* for plaintiff in error.

*Edmund H. Abrahams, William D. Morgan,* contra.

POWELL, J. Mrs. Lanier brought suit against the insurance company upon a certificate of indemnity (which for convenience will be referred to as the policy, since for the purpose of this investigation it may be treated as an ordinary policy of fire-insurance) issued by the Georgia Co-operative Fire Association, which is a mutual fire-insurance company, chartered under the laws of this State. The policy provided for an indemnity against loss and damage by fire, in a sum not exceeding $750, on a stock of merchandise belonging to the insured. It appears from the testimony in the case that at the time of writing the policy, the agent of the company looked over the stock of goods, and estimated it to be worth as much as $1,000. During the life of the policy the property was totally destroyed by fire. No direct testimony was introduced as to the value of the goods at the date of the fire, but inventories, books of accounts, invoices, and other papers of the insured were produced, from which the jury could have ascertained the amount of the loss. There was much conflict in the testimony as to the genuineness of some of these papers. The testimony of the defendant tended to prove that many of the invoices produced to show additions to the stock were fraudulent, and that the actual value of the stock at the date of the issuance of the policy was less than $1,000, and, at the date of the fire, less than $200. The testimony of the plaintiff tended to prove that the value of the goods at the date of the fire was at least as much as the sum found in her favor by the jury, $625. The charge of the court, in effect, instructed the jury that they should proceed to calculate the amount of the loss by adopting the sum of $1,000, as being the true value of the stock of goods at the date of the issuance of the policy. To this and other rulings of the court the insurance company excepted.

1. A valued policy of fire-insurance is one in which the sum to be paid as an indemnity in case of loss is fixed by the terms of the contract, and by law, to be paid at all events, without reference to the real value of the property. *Rosser* v. *Georgia Home Ins. Co.,* 101 *Ga.* 720; May on Ins. (4th ed.) §30. Such a contract, being a wagering contract, is, in the absence of express legislation

authorizing it, void as contrary to the policy of our law, and will therefore never be regarded as arising by implication. If the language employed in the contract leaves it ambiguous as to whether the policy is a valued policy or an open policy, the law will construe it to be an open policy, and will allow a recovery only to the extent of the loss as actually ascertained. Civil Code, §§3668, 2089, 2109, 2111; *Fireman's Fund Ins. Co.* v. *Pekor,* 106 *Ga.* 9; *Word* v. *Southern Mutual Ins. Co.,* 112 *Ga.* 599.

2. In the policy under consideration the insurance is stated as being "to an amount not exceeding $750;" also it is provided that "the association shall not be liable for any damage or loss that may occur beyond the actual cash value of said property at the time damage or loss occurs; and the same may be ascertained or estimated according to such actual cash value, with proper deductions for depreciations." There are other provisions in the policy to the same effect. It therefore seems clear that it was not intended to create, by the contract, a valued policy. This is true although it appears that at the time the policy was written the agent of the company estimated that the stock of goods insured was worth at least $1,000, and although the policy contains the following clause: "No certificate will be issued on property for more than three fourths of its actual value." This estimate by the agent and this clause in the policy had probative value, and were proper matters for consideration by the jury, along with the other circumstances of the case; but they did not create any estoppel against the company's asserting that at the time of the issuance of the policy the value of the goods was less than $1,000. The duty of the jury was to find the actual value of the property at the date of the fire; and this they should have been allowed to do, from all the testimony, untrammeled by any requirement that they should take as a starting point in their investigations the arbitrary sum of $1,000, which was the estimated value at the date on which the policy was issued. Since the charge of the court as to this matter entrenched upon the province of the jury, we are constrained to order a new trial. Other errors are complained of in the record, but, even if the exceptions are well taken, they relate to matters which will probably not occur on the next trial, and we deem it unnecessary to decide them.

*Judgment reversed.*