## 5908.  NORWICH UNION FIRE INSURANCE SOCIETY
### *v.* BAINBRIDGE GROCERY CO.

The petition set forth a cause of action, and was not subject to general demurrer.

DECIDED JUNE 11, 1915.

Complaint; from city court of Bainbridge—Judge Spooner. June 26, 1914.

*King & Spalding, Erle M. Donalson,* for plaintiff in error.

*T. S. Hawes, W. V. Custer,* contra.

BROYLES, J. The plaintiff's petition contained the following allegations: that the Norwich Union Fire Insurance Society insured the Bainbridge Grocery Company's stock of goods, in its store building, against loss by fire in a sum not exceeding $1,000, the policy being in force during May, 1907; that on May 22, 1907, the insured property was completely destroyed by fire, through the negligence of the Atlantic Coast Line Railroad Company; that on June 28, 1907, the insurance company paid the grocery company $990.99 on account of said loss and damage; that simultaneously with making said payment the grocery company contracted in writing with the insurance company that "whereas it has been agreed that the said party of the second part [the insurance company] shall be subrogated, to the extent of the amount so paid as aforesaid and the interest thereon, to all claims and demands which the said party of the first part [the Bainbridge Grocery Company] has against any person or persons, corporation or corporations, for or on account of said loss or damage, now, therefore, know ye that the said party of the first part, for and in consideration of the sum to it paid by the party of the second part, has sold, and does hereby assign, transfer, and set over unto the said party of the second part all and singular the claims and demands of every nature and kind which the said party of the first part has against the Atlantic Coast Line Railroad Company, and against all other persons, firms, or corporations whatsoever, for or on account of said loss or damage, or for or on account of any wilful or negligent or other act or omission which led to or caused the said loss or damage, or for or on account of any liability for the said loss or damage, to the extent of the said sum so paid and the interest thereon; to have and to hold the same to the said party of the second part, its successors and assigns forever"; that the Bainbridge Grocery Company recovered from said Atlantic Coast Line Railroad Company $686.18, and paid out 25 per cent. thereof as attorney's fees to effect such recovery, and has a net balance of $514.63, which it collected on July 13, 1912, and which it refuses to pay to said insurance company. To this petition the Bainbridge Grocery Company de-

murred: (1) generally, as not setting forth a cause of action; (2) because the value of the building, of the stock, and of the fixtures insured, and destroyed by the fire, is not stated; (3) because the total amounts of the insurance collected on each item are not stated; (4) because the amounts collected from the Atlantic Coast Line Railroad Company on the building, the merchandise, and the fixtures, separately or as a whole, are not stated; (5) because the expense incurred in prosecuting the suit against the railroad company is not alleged; (6) because it is not alleged what was the net recovery from the railroad company, and it is not alleged that the said net recovery, added to the insurance collected, was equal to the value of the property destroyed by fire; (7) because the time when the alleged cause of action arose is not definitely stated. The court sustained all of the grounds of demurrer and dismissed the petition, and the plaintiff excepted.

In this case it appears that, not as a compromise but as an ascertainment of the total loss, the insurance company paid the defendant $990.99, which is less than the face of the policy. According to the law in this State, fire insurance is indemnity. A contract for a fixed sum—a valued policy—would be wagering and illegal, and therefore will never be regarded as arising by implication, and no policy will be construed to be a valued policy unless it is clear from the terms of the policy that the parties intended that it should have this effect. *Ga. Co-operative Fire Ins. Asso.* v. *Lanier,* 1 *Ga. App.* 186 (57 S. E. 910) ; *Word* v. *Southern Mutual Ins. Co.,* 112 *Ga.* 599 (37 S. E. 897) ; *Fireman's Fund Ins. Co.* v. *Pekor,* 106 *Ga.* 1, 9 (31 S. E. 779). Accordingly, a loss in Georgia under a fire-insurance contract is one presenting an unliquidated claim, which must be ascertained after loss, and which is open to dispute and adjustment. *Rosser* v. *Georgia Home Ins. Co.,* 101 *Ga.* 720 (29 S. E. 286). In this case the defendant, whose loss occurred on May 22, received payment on June 28, and, in consideration of the ascertainment and admission of liability, and prompt payment of $990.99, made an assignment of an equivalent interest in any recovery which it might make from the Atlantic Coast Line Railroad Company, as the wrong-doer causing the fire, and has collected from that company a sum, on such cause of action, which has netted it $514.63, which it refuses to pay over to the plaintiff, notwithstanding its contract. Under the law an insurer, upon paying a loss, is subrogated to the insured's claim

against the wrong-doer causing the same. *Holcomb* v. *R. & D. R. Co.,* 78 *Ga.* 776 (3 S. E. 755). As the defendant in this case had transferred to the plaintiff, without condition, on the considerations above stated, an absolute right to the sum it might recover from the railroad company for this loss, to the extent of $990.99 and interest, and as the petition alleged all of these facts and exhibited the contract, and alleged that the defendant had collected and withheld $514.63 of such funds, it stated, in our judgment, a case in favor of the plaintiff, good as against a general demurrer. The lack or failure of consideration of a written evidence of indebtedness is a matter of defense, and want of or illegality of consideration is not a proper matter for demurrer, unless the want or illegality thereof affirmatively appears in the instrument sued on, or from the allegations (not the absence of allegations) of the petition. *Smith* v. *Ice Delivery Co.,* 8 *Ga. App.* 767, 768 (4) (70 S. E. 195).

The objection that the petition contained no allegations as to the total amount of insurance, or the total value of the property insured, or the amounts paid thereon, is without merit, as such allegations are immaterial and irrelevant to the cause of action disclosed by the exhibits, together with the allegations of collection; the allegations being that the property was wholly destroyed, and that the insurance company paid, as its loss, $990.99, which was less than the total insurance.

If any facts existed which would relieve the defendant of the obligation of the contract sued on, or the prima facie cause of action set forth in the petition, it was a matter of defense, to be pleaded, and not to be anticipated in the petition. The idea that in stating a prima facie cause of action against the insured to require him to account to his insurer for monies collected from the wrong-doer causing the fire, the insurance company must set up its claim on the insured and these payments, and show that the funds so collected from both sources exceed the claim of loss, and that the insurer is entitled to the surplus only, if there be any, is, in our judgment, erroneous. We do not think that it is necessary to set up such matters in the petition. A statement that the assured sustained a loss, which was adjusted and paid by the insurance company, the policy not being fully exhausted, states a prima facie case of full payment of the loss, and a recovery subsequently had

by the insured from the wrong-doer is prima facie due to the insurer. If for any reason the insured is not so liable, that is a matter to be pleaded and proved in defense to his prima facie liability.

The cases cited by the learned counsel for the defendant in error do not sustain their contention of what the plaintiff's *petition* must contain, but only go to the question as to whether the assured can be permitted, by proper pleading, to assert to the contrary, and be allowed so to prove. In our judgment, the petition states a cause of action, good at least as against a general demurrer; and as the court sustained both the general and the special demurrers, the judgment must be reversed, for, as was said by this court in *Chappell* v. *Western Railway,* 8 *Ga. App.* 787, 789 (70 S. E. 208), "the rule of decision in cases where the trial judge has sustained both general and special demurrers is for this court to see if a cause of action is set forth; and if it is found that the court erred in overruling [sustaining] the general demurrer, the judgment will be reversed, leaving the matters in respect to the special demurrers open for further action in the trial court." See also *News Pub. Co.* v. *Lowe,* 8 *Ga. App.* 333, 334 (69 S. E. 128). *Judgment reversed.*