24629. FIREMEN'S INSURANCE COMPANY v. PARMER.

*Earle Norman, Smith, Smith & Bloodworth,* for plaintiff in error.

*J. B. Burnside, L. C. Groves,* contra.

GUERRY, J. This was an action on a fire-insurance policy which insured a described automobile truck, liability of the insurer being limited thereunder to $200. A verdict was returned in favor of the plaintiff for the principal sum of $100, $50 attorney's fees, and costs. In the policy are statements of facts, in the nature of warranties, with reference to the automobile truck. One of these statements was that the "actual cost price" of the automobile truck to the insured was $290. For the purpose of this decision it may be assumed that the insured actually represented to the insurer that the "actual cost price" of the property insured was $290, and that in fact the "actual cost price" was not in excess of $220. The insurance company contends that this was such a material misrepresentation as avoided the policy, and that therefore the verdict was contrary to law.

"Any verbal or written representations of facts by the assured to induce the acceptance of the risk, if material, must be true, or the policy is void." Code of 1933, § 56-821 (Code of 1910, § 2480). "In the case of a representation the important inquiry is: 1st, was the representation false? 2d. If false, was it made in reference to a matter material to the risk?" *Mutual Life Ins. Co. v. Bolton,* 22 *Ga. App.* 566, 569 (96 S. E. 442). Having already assumed that the representation was false, the only question remaining is, was the misrepresentation "made with reference to a matter material to the risk?" Generally, whether or not a false

statement is material, as affecting the nature, character, and extent of the risk, is a question for determination by the jury. *Jefferson Standard Life Ins. Co.* v. *Henderson,* 37 *Ga. App.* 704 (141 S. E. 498); *Metropolitan Life Ins. Co.* v. *Busby,* 42 *Ga. App.* 808 (157 S. E. 354); *Bankers Health & Life Ins. Co.* v. *Brown,* 49 *Ga. App.* 294 (175 S. E. 387). Yet it has been ruled that "While it is true that the truth and materiality of the representations made by the insured are generally questions of fact for determination by the jury, yet where all the testimony relating to a question of fact excludes every reasonable inference but one, . . the issue becomes an issue of law for determination by the court." *Mutual Life Ins. Co.* v. *Bolton,* supra; *Empire Life Ins. Co.* v. *Jones,* 14 *Ga. App.* 647, 649 (82 S. E. 62); *N. Y. Life Ins. Co.* v. *Hollis,* 177 *Ga.* 805 (171 S. E. 288); *Lee* v. *Metropolitan Life Ins. Co.,* 158 *Ga.* 517 (123 S. E. 737). A material representation has been defined to be "one that would influence a prudent insurer in determining whether or not to accept the risk, or in fixing the amount of the premium in the event of such acceptance." *Empire Life Insurance Co.* v. *Jones,* supra, quoting as follows from Richards on Ins. 132, § 99: "The materiality of a concealment or representation of fact depends, not on the ultimate influence of the fact upon the risk or its relation to the cause of loss, but on the immediate influence upon the party to whom the communication is made, or is due, in forming his judgment at the time of effecting the contract. The party thus sought to be influenced is generally the insurance company. Though the loss should arise from causes totally unconnected with the material fact concealed or misrepresented, the policy is void, because a true disclosure of the fact might have led the company to decline the insurance altogether, or to accept it only at a higher premium." In other words, the variation from the truth must be such as to change the nature, extent, or character of the risk. *Supreme Conclave* v. *Wood,* 120 *Ga.* 328 (47 S. E. 940).

The policy of insurance here under consideration is not a "valued policy." A "valued policy" is defined to be "one on which the sum to be paid as an indemnity in case of loss is fixed by the terms of the contract, and by law, to be paid at all events, without reference to the real value of the property." *Georgia Cooperative Fire Asso.* v. *Lanier,* 1 *Ga. App.* 186 (57 S. E. 910). A valued policy is not necessarily one in which the value of the prop-

erty insured is stated in the policy, unless it is also further provided that, in case of total loss, this valuation shall be paid by the insurer regardless of the actual value of the property destroyed. And furthermore, "Such a contract, being a wagering contract, is, in the absence of express legislation authorizing it, void as contrary to the policy of our law, and will therefore never be regarded as arising from implication. If the language employed in the contract leaves it ambiguous as to whether the policy is a valued policy or an open policy, the law will construe it to be an open policy, and will allow a recovery only to the extent of the loss as actually ascertained." *Ga. Co-op. Fire Asso.* v. *Lanier,* supra; *Norwich Union Fire Ins. Soc.* v. *Bainbridge Groc. Co.,* 16 *Ga. App.* 432 (85 S. E. 622). While the policy in the present case does state the value of the property insured to be $290, it is only a representation or warranty by the insured; and there is no agreement on the part of the insurer that in case of total loss this valuation will be paid. We make these distinctions because we can well see how a misrepresentation as to the actual cost price of property insured in a "valued policy" would be such a material misrepresentation as would affect the nature, character, and extent of the risk. Representations of actual cost price in a policy like the one in the present case must necessarily affect only the amount of insurance to be issued, that is, the limit of the insurer's liability; and where the policy is not a valued policy, but the loss is to be determined by the actual value of the property at the time of the fire, we can not see how the representation as to actual cost price, if false, would be such a material misrepresentation as to affect the nature, character, or extent of the risk. It does not affect the nature of the risk, for the actual cost price of the property has no relation to its destruction by fire, where the age and condition of the property is known. It has no effect on the character of the risk; and since the policy provides that damages will be paid, in case of loss of the property, by ascertainment of the actual value of the property at the time of the loss, it does not affect the extent of the risk.

We can see that a misrepresentation of the actual cost price or value of an automobile, made in order to induce credit or a loan, may be such a representation as will affect any such contract made as a consequence thereof. However, where, as here, damage or loss under the contract of insurance is expressly limited to the actual

value of the property at the time of the loss, without regard to its value at the time of entering into the contract or the cost price thereof, such representation does not become so material as to avoid the contract. In *Rosser* v. *Georgia Home Ins. Co.,* 101 *Ga.* 716 (29 S. E. 286), the Supreme Court ruled: "Under the provisions of the Code of this State, misrepresentations by the assured, whether fraudulent or otherwise, as to the value of the property insured, but which do not in any manner affect the risk, will not, except in case of 'valued' policies, avoid a policy of insurance; and a plea setting up such misrepresentations as a defense against a suit instituted upon a policy, according to the terms of which the amount of recovery is open, after loss, to judicial inquiry, should be stricken on demurrer." We can see no distinction between that case and the case at bar, whether the alleged misrepresentation consists of a statement of the value of the property to be insured, or of the "actual cost to the insured" of the property to be insured. In most of the authorities cited by counsel for the plaintiff in error, which hold, as a matter of law, that a misrepresentation of the character in the case at bar will avoid the policy, either "valued policies" were under consideration, or the particular State did not require that the warranty be *material* in order to void the policy. We hold that under the facts of this case the misrepresentation was not material as affecting the nature, character, or extent of the risk; and therefore any errors committed by the trial judge in his charge were harmless.

*Judgment affirmed, with direction. Broyles, C. J., and Mac-Intyre, J., concur.*