27801. GEORGIA POWER COMPANY *v.* DAVIS.

454

*MacDougald, Troutman & Arkwright, Dudley Cook, W. H. Schroder Jr.,* for plaintiff in error.

*R. Beverly Irwin, Samuel H. Wilds,* contra.

STEPHENS, P. J. James Davis brought an action for damages for personal injuries against the Georgia Power Company. In his petition he alleged that he was driving an automobile east on Edgewood Avenue when a street-car of the defendant, going south on Peachtree Street, ran across a red light, struck the automobile in which the plaintiff was riding, and seriously injured him; that he was driving the automobile with due care and had a green light signifying "go" in the direction in which he was traveling; that the street-car was being operated in a negligent manner in that it was crossing a street intersection on a red light at a rapid rate of speed of more than 25 miles per hour; that he was driving at the rate of 15 to 20 miles per hour and was not violating any law in doing so; that the defendant was negligent in that the operator of the car drove across a red light in violation of the official traffic rules then existing at the time and place in the corporate limits of the City of Atlanta which declared that it shall be unlawful for the operator of any vehicle, or the motorman of any street-car, or any pedestrian to disobey the instructions of any official traffic-sign or signal placed in accordance with the provisions of the ordinance, unless otherwise directed by a police officer; that the operator of the street-car was further negligent in not operating it at a careful and prudent speed not greater than was reasonable and proper, having due regard for the traffic and other conditions then existing at the place known in the City of Atlanta as "Five Points," in violation of official traffic rules which declared that "any person driving a vehicle or street-car shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard for the traffic, surface, and width of the street, and of any other condition then existing, and no person shall

drive any vehicle at such a speed as to endanger the life, limb or property of another person," and that "in no case shall the speed of a vehicle exceed 30 miles per hour;" that the plaintiff suffered a number of permanent physical injuries; that he lost four weeks from his work for which he received $12 per week, and expended $15 for medical attention; and that he will continue to suffer for a long time.

By an amendment to the petition the plaintiff alleged that the defendant was negligent in acting in violation of an official traffic rule of the city as follows: "Whenever traffic at an intersection is controlled by traffic-control signals exhibiting colored lights, or the words 'Go,' 'Caution,' and 'Stop,' said lights and terms shall indicate as follows: 'Green' or 'Go': traffic facing the signal may proceed except that vehicular traffic shall yield the right of way to pedestrians and vehicles lawfully within a crosswalk or the intersection at the time such signal is exhibited. 'Amber' or 'Caution' or 'Walk': when shown alone following 'Green' or 'Go,' the traffic facing the signal stop before entering the nearest crosswalk at the intersection unless so close to the intersection that a stop can not be made in safety. 'Red' or 'Stop': traffic facing the signal shall stop before entering the nearest crosswalk at the intersection or at such other points as may be designated by the mayor and general council, and remain standing until 'Green' or 'Go' is shown alone." The plaintiff alleged that the defendant was negligent in operating a street-car at Five Points, where the traffic was congested, in that the street-car, without due regard to the safety of the petitioner, started south on Peachtree Street on a red light, and in that it ran across a dangerous intersection at a speed of more than 25 miles per hour; that the defendant violated all the city ordinances as herein alleged, and that no traffic officer directed the street-car to proceed, in violation of the rules and regulations then and there in force; that the defendant was negligent in that it sounded no bell, gave no signal, and did not put the petitioner on notice that the car was about to enter the intersection in violation of the red-light system; that as a result of the accident the plaintiff suffered a laceration of the little finger on his right hand, which became infected from no lack of care on his part and had to be amputated close to the hand in September following the accident; that, in the accident, he was thrown against the steering-

post of his car and suffered a severe injury, as a result of which he will be required to undergo a serious and expensive operation which will cost about $100; that he suffered mental pain and anguish, and lost his little finger and the use of his right hand for manual labor, the only labor which he could do.

The defendant answered denying all the allegations of the petition except the allegations that it was a corporation and a common carrier operating street-cars in Fulton County and was subject to the jurisdiction of the court. The jury found a verdict of $1100 for the plaintiff. The defendant moved for a new trial on the general grounds and several special grounds. The motion was overruled and the defendant excepted, assigning error on the overruling of the motion on each and every ground.

■ Ground 5 complains that the court gave in charge to the jury the city ordinance which related to the speed of vehicles, and which was recited in the original petition as appears above. This charge was objected to on the ground that there was no evidence which would justify a finding that this ordinance had been violated by the defendant. While it is true that there was no testimony that the street-car exceeded 30 miles per hour, it was a question for the jury whether it was being driven at a careful and prudent speed, no greater than was reasonable and proper, having due regard for the traffic, surface, and width of the street, and of any other condition then existing, and whether it was being driven at such speed as to endanger the life, limb, or property of any person. The petition did not charge the speed to have been in excess of 30 miles per hour, but showed that the plaintiff relied upon the other part of this ordinance. The jury could not well have been misled, by the reference to the maximum speed, since the court instructed them not to consider any allegation of negligence beyond those appearing in the petition.

■ Ground 6 is without merit. The court charged the jury that the ordinance referring to the right of way of a vehicle entering from the right did not apply to the case on trial because the evidence showed there was a traffic light. This right-of-way ordinance was therefore excluded from the case, which ruling was correct and was not harmful to the defendant.

■ Ground 7 alleges that the instructions of the court in regard to recovering for pain and suffering were erroneous in that

the jury were thereby allowed to find damages for the loss of a finger. The defendant contended that there was no evidence to support this item of damage which was set up in an amendment to the petition. This ground contains a long argument on the question of fact whether the loss of a finger by the plaintiff was due to the accident or to a subsequent infection. But since there was testimony of a physician that the infection might have resulted from an injury in the collision, it was a question of fact for the jury which the court could not dispose of by instructions. In the instructions complained of there was no specific reference to the alleged loss by the plaintiff of his little finger. This ground was properly overruled.

■ Ground 8 alleges that the verdict was so grossly excessive as to justify the inference of gross mistake or undue bias. It suffices to say that the injuries testified to by the plaintiff and his doctor were sufficient to justify the finding of the jury. The amount of the damages was peculiarly a jury question.

■ Ground 9, which complains that the court erred in submitting to the jury the question of doctor's bills and medical expenses, is without merit. The plaintiff's doctor testified that a reasonable fee for treating the plaintiff to the present time would be about $50, and to have the operation which he recommended, $150. There was no testimony contradicting this. It was for the jury to say whether the operation was necessary. Among other things the doctor said, "If it was mine I would want it out."

6. Grounds 10 and 11 are expressly abandoned in the brief of the defendant in error, and ground 12 is not mentioned in the brief.

The evidence supported the verdict, and no error appears.

*Judgment affirmed. Sutton, J., concurs.*

Felton, J., dissents from the judgment because of the ruling in division 1.