36725. MOTORS INSURANCE CORPORATION *v.* TURNER.

DECIDED MAY 24, 1957—REHEARING DENIED JUNE 7, 1957.

8

*Anderson & Trapnell,* for plaintiff in error.

*Dan S. Cowart, George H. Lane,* contra.

GARDNER, P. J. ■ The record contains 101 pages of evidence, including documentary evidence. We see no good purpose in detailing it here. Suffice it to say that there is sufficient evidence to show that the plaintiff used the required care, under the circumstances involved, to protect the property. We note the ruling in *Insurance Co. of North America* v. *Leader,* 121 *Ga.* 260 (48 S. E. 972). There was nothing indicated in the case at bar to show that the plaintiff did not use the measure of care required. The jury thought he did, as shown by the verdict. The facts in the case cited immediately hereinabove are entirely different from those of the case at bar. In the instant case the evidence showed that the plaintiff did everything he could to protect the car from burning. The evidence reveals that the plaintiff had

trouble with his car the night before the fire, at which time he was forced to stop his car on the highway to investigate a burning odor, and he had the wires taped the following morning. The plaintiff suspected the same trouble when he detected the burning odor on the day the car burned. He immediately stopped the car and threw sand on the flames. He was eleven miles from town and had no method of further protecting the car. It would seem that he did everything any reasonable man could have done under similar circumstances. He testified that he thought there seemed to be danger of an explosion. An insurance adjuster testified that the plug and collar of the gas tank were missing and he presumed that they melted in the fire.

The defendant claims that false representations were made such as to void the policy. In this connection we refer to *Firemen's Ins. Co. v. Parmer*, 51 *Ga. App.* 916 (181 S. E. 880) wherein this court held that whether or not false representations were made, whether they were material as affecting the entire character and extent of the risk are questions for the jury. In that case there is nothing to indicate that the policy under consideration was designed to pay the amount stipulated in the policy, regardless of the length of time the car was used, or the use to which the car was put, or the condition of the car at the time of the loss. Apparently the policy there covered the value of the car at the time of the loss. The jury, under all the facts of the case, determined the amount of the loss. The court held that if there was a misrepresentation as to the price of the car it was only a representation or warranty by the insured, and there was no agreement on the part of the insurer that in case of total loss the original value would be paid. In the instant case the jury heard the evidence and returned the verdict after considering all phases of same. In *Rosser v. Ga. Home Ins. Co.*, 101 *Ga.* 716 (2) (29 S. E. 286) the Supreme Court held: "Under the provisions of the Code of this State, misrepresentations by the assured, whether fraudulent or otherwise, as to the value of the property insured, but which do not in any manner affect the risk, will not, except in case of 'valued' policies, avoid a policy of insurance, and a plea setting up such misrepresentations as a defense against a suit instituted upon a policy, according to the terms of which

the amount of recovery is open, after loss, to judicial inquiry, should be stricken on demurrer." In the instant case the jury determined, as reflected by the verdict rendered, that the matter of alleged misrepresentations was not sufficient to warrant a verdict for the defendant and against the plaintiff. There is nothing to show that the jury did not consider all the evidence, but on the contrary all juries are charged with the duty to do so. The matter of misrepresentation or no misrepresentation was a jury question.

There was evidence to show that the plaintiff had an insurable interest in the car. The Supreme Court has held that an insurable interest does not depend even on ownership. In *Pike* v. *American Alliance Ins. Co.*, 160 *Ga.* 755, 760 (129 S. E. 53) it was held: " 'An interest, to be insurable, does not depend necessarily upon the ownership of the property. It may be a special or limited interest disconnected from any title, lien, or possession. If the holder of an interest in property will suffer loss by its destruction, he may indemnify himself therefrom by a contract of insurance. If, by the loss, the holder of the interest is deprived of the possession, enjoyment, or profit of the property, or a security or lien arising thereon, or other certain benefits growing out of or depending upon it, he has an insurable interest.' " The plaintiff in the instant case had an interest in the car and could recover regardless of subrogated interest. See also *Johnson* v. *General Exchange Ins. Corp.*, 49 *Ga. App.* 780 (176 S. E. 840). It should be remembered that the plaintiff was obliged to pay the unpaid portion of the purchase price to any and all parties. In the last cited case it is held that it is not necessary that all parties named in the policy be made parties if there is more than one insured. One party alone may recover.

There is sufficient evidence to show that the verdict of the jury was not out of line with the value of the car.

None of the contentions of the defendant as to the general grounds is meritorious.

■ Special ground 1 assigns error because it is alleged that the court erred in charging that the plaintiff is required to use only slight diligence in protecting the insured property and that the burden of proving gross negligence on the part of the plaintiff

in failing to protect the property was on the defendant. Code § 56-819 reads: "The insured shall be bound to ordinary diligence in protecting the property from fire, and gross negligence on his part shall relieve the insurer. Simple negligence by a servant of the insured, unaffected by fraud or design in the latter, shall not relieve the insurer." The proposal that the Code section has not been adequately interpreted merits active research. We have devoted substantial attention to basic research and have found no interpretation of the section on the point argued by counsel. Therefore we interpret this Code section to mean that if an insured exercises ordinary care the insurance carrier is liable for payment for resulting loss of the insured property, but if the insured is grossly negligent then the insurance carrier is not liable.

■ Special ground 2 assigns error on the following charge of the court: "Should you find for the plaintiff the form of your verdict would be 'we, the jury, find for the plaintiff so many dollars and cents, let that be first for the value of the car and then you set out differently the amount for damages and the amount for attorney fees.' Make it in three different things provided that you find that there is bad faith.

"If you find for the plaintiff but find that the defendant acted in good faith in filing this answer and contesting this suit, the form of your verdict would be 'we, the jury, whatever you think the value of the automobile was,' and then, if you care to add damages, you say, 'and so much damages and so much attorney fees.' You can find damages and not attorney's fees and you can find attorney's fees and not damages." Counsel for the defendant avers that the charge was erroneous because it directed the jury in both instances to return a verdict for the value of the vehicle instead of the amount of damage resulting to the vehicle from the fire, and further that the charge was erroneous and injurious because it instructed the jury that damages and attorney's fees may be awarded even though the defendant acted in good faith, and further that the charge was argumentative in favor of damages and attorney's fees. This excerpt, when read in relationship to the entire charge of the court, is not erroneous, and is harmless to the cause of the defendant.

■ Special ground 3 assigns error because the court charged as follows: "When the defendant admits the issuance of the policy and that a fire destroyed the property, then the burden would shift to the defendant to show any reason that he can that the policy is void, that is that it is not liable under the policy. It would be your duty to return a verdict under those admissions for the plaintiff for the amount of the loss unless the defendant shows by a preponderance of the evidence that for some reason set out in his answer that they are not liable under that policy of insurance." Counsel contends that this excerpt was erroneous and injurious in that it restricted the defendant to proof that the policy was void and that the court thus omitted any reference to the defense of the defendant regarding the plaintiff's alleged negligence in protecting the property from loss. This except does not appear to be restrictive to proof of loss.

Complaint is made in special ground 4 in that the court charged that the defendant claimed no liability because the representations of the plaintiff were false and that the plaintiff did not show clearly his interest in the car and did not show all liens against the car.

When considered in the light of the full charge of the court these excerpts were harmless and in fact might be construed to be in favor of the defendant. See *Ga. Power Co.* v. *Davis,* 61 *Ga. App.* 453 (6 S. E. 2d 154). Special grounds 3 and 4 are not meritorious.

■ Special ground 5 contends that the court erred in charging the jury with reference to bad faith. The matter of bad faith was necessarily part of the case at bar and the court properly charged on this principle of law. Bad faith or no bad faith is a jury question and it was incumbent upon the court to present this question to the jury for consideration. It was the duty of the jury to determine whether or not the defendant was liable for any amount of loss or no amount, no amount being claimed by the defendant. If an insurance carrier, under a record involving evidence and pleadings, such as here, claims *no* liability, then bad faith is involved and a charge on bad faith under the record is essential. This assignment of error is not meritorious.

■ Special ground 6, regarding the excerpt from the charge

of the court as to attorney's fees, is not erroneous. The petition alleged that the plaintiff was entitled to recover reasonable attorney's fees of $500 and submitted evidence that such figure was reasonable. The jury returned a verdict for $200 attorney's fees, thus reducing the amount of attorney's fees very substantially. We cannot see that the defendant was harmed by this excerpt, and we hold that the assignment of error on this special ground is not erroneous.

■ Special ground 7 assigns error because it is alleged that the verdict was arrived at by way of compromise and was rendered without the conscientious conviction of the full panel of jurors who tried the case. It is our understanding that it is the province of any jury in a case of this kind to weigh the evidence and determine liability or no liability, and the amount of liability (in the instant case the jury found for the full amount claimed) ; that the jury may, within the scope of the statutes relating thereto, determine the amount of the attorney's fees. This was done. A compromise verdict has been defined by this court. In *North British &c. Ins. Co.* v. *Parnell*, 53 *Ga. App.* 178 (2) (185 S. E. 122), cited by counsel for the plaintiff and for the defendant, this court said: "A compromise verdict is one 'which is reached only by the surrender of conscientious convictions on one material issue by some jurors in return for a relinquishment of matters in their like-settled opinion on another issue, and the result is one which does not hold the approval of the entire panel.' " There is nothing in the record in the instant case to show that the verdict of the jury was reached by compromise. This assignment of error is not meritorious.

■ As to the exception to the judgment of the court denying the motion for judgment notwithstanding the verdict, counsel for the defendant claim that the verdict was not supported by the evidence and that the defense made was not shown to be frivolous or unfounded. Counsel cite *Life &c. Ins. Co. of Tenn.* v. *Jordan*, 69 *Ga. App.* 287, 293 (25 S. E. 2d 103). That case concerns whether or not the first payment was received by the insurance company and whether or not an agent exceeded his authority, under the facts of that case. Thus it will be seen the facts there as to bad faith are not such as are shown in the instant

case. See also *Pearl Assurance Co.* v. *Nichols*, 73 *Ga. App.* 452 (37 S. E. 2d 227) which is not comparable to the facts in our case. However it is true that questions of bad faith are for the determination of the jury. In that case the evidence clearly showed that no bad faith was involved and that the court erred in assessing damages and attorney's fees because of that fact. This court had a right to write off the attorney's fees under the facts of that case. We have examined that record and find the facts are entirely different from the facts in the instant case. There the court stated (which is the same principle of law involved in the present case): "Bad faith in refusing to pay the claim within sixty days after demand is a fact to be proved in order to recover this penalty and attorney's fees. *North British &c. Ins. Co.* v. *Parnell*, 53 *Ga. App.* 178, 182 (185 S. E. 122)." The facts in the following cases do not fit the facts in the instant case and are not authority for reversal: *Southern Ins. Co.* v. *Ray*, 40 *Ga. App.* 262 (149 S. E. 304), and *Georgia Life &c. Ins. Co.* v. *Gammage*, 91 *Ga. App.* 125, 128 (85 S. E. 2d 85).

The court did not err in denying the motion for new trial for any of the reasons assigned and did not err in denying the motion for judgment notwithstanding the verdict.

*Judgment affirmed. Carlisle, J., concurs. Townsend, J., concurs specially.*

TOWNSEND, J., concurring specially. ■ Enlarging slightly upon the first division of the opinion, the contention of the plaintiff in error is that the policy of insurance was void because of the following material misrepresentations: viz., (a) That plaintiff had no insurable interest because there was outstanding an unreported lien in the amount of $900, and (b) the plaintiff misrepresented the manner in which the purchase price of the automobile was arrived at (as shown by the conditional-sale contract) to make it appear that his equity in the automobile was greater than in fact it was. I think these contentions, under this evidence, are unauthorized as a matter of law because (a) the evidence, including the documents prepared at the time of sale, demand a finding that the $900 note was not a lien on the automobile in question but was a straight note, and (b) the sale contract correctly describes the 1955 8 cylinder Bel Air Tudor

automobile and shows a "total time price" of $2727.92 and a "cash sale delivered price" of $2519.25; that the seller received $210.93 in cash and that the seller gave a credit of $660.59 for the 1955 truck traded in on the purchase price. These figures constitute the contract between seller and buyer, and as to the latter they must be taken as correct. The seller, in the "dealer's work sheet" showed he had arrived at this price by giving trade-in credits of $660.59 and $210.93, whereas he showed on the car invoice figures representing total charges and credits in a different manner, by taking the dealer's list price of $1866.00, adding thereto freight, extra equipment, and two unpaid balances on the truck traded in of $510.93 and $1578.23 to arrive at a total debit of $4381.81, and balanced this with the cash received of $210.93, the note of $210.93, the actual value of the truck in the sum of $1623.15, and the finance company loan (shown on the work sheet as "unpaid cash price balance") of $1647.73. Obviously, if a total of $2089.16 was owed on the truck, and if its value when traded in was $1623.15, the trade-in credit allowed of $660.59 did not relate to the actual equities involved, but was a paper loss to the dealer compensated for, presumably, out of the profit represented in the actual selling price of this automobile, and the two previous trucks the dealer had sold the plaintiff and later traded back in. But the manner in which the dealer arrived at his selling price stated in the sale contract does not constitute a material misrepresentation on the part of plaintiff (who did not prepare the instruments) but on the part of the dealer, Mr. Franklin, who was, according to the defendant's own testimony an agent for the defendant in procuring the insurance, and who determined the selling prices, trade-in credits, and information to be furnished to the insurance company. No material misrepresentation *made by the plaintiff* is shown by this evidence.

■ As to division 2, I agree that there appears to be no construction of Code § 56-819 as such by our appellate courts but the point was decided in *Sandersville Oil Mill Co.* v. *Globe & Rutgers Fire Ins. Co.*, 32 *Ga. App.* 722 (1) (124 S. E. 728), holding as follows: "Although a loss by fire may result directly from the negligent act of the insured, the insurer is nevertheless liable under its policy of insurance, unless the policy otherwise provides,

where the negligence does not amount to a fraud or is not in furtherance of an incendiary intent upon the part of the insured."

Code § 58-819 distinctly provides: "Simple negligence by . . . the insured, unaffected by fraud or design in the latter, shall not relieve the insurer." It also provides: "Gross negligence on his part shall relieve the insurer." Therefore, the first part of the Code section as follows: "The insured shall be bound to ordinary diligence in protecting the property from fire" when construed with the other two provisions, can mean only that, while an insured should use ordinary diligence, nevertheless, lack of ordinary diligence or simple negligence will prevent recovery only when in conjunction with fraud or wilful acts, while gross negligence will prevent recovery without proof of fraud or design. Simple negligence *combined with incendiary intent* will defeat recovery, and gross negligence, without incendiary intent, will defeat recovery. Since no exception is directed to the charge on this ground, and it is merely contended that the court erred in charging that the burden would shift to the defendant to prove that the plaintiff was guilty of gross negligence when he should have charged "ordinary negligence," and since there was no request to charge further on this subject, and no issue in the case as to fraud or incendiary intent prior to the outbreak of the fire, I do not think any reversible error is shown.

■ As to division 3 of the opinion, the charge standing alone and lifted out of context carries the appearance of error, but in point of fact it immediately follows a charge defining bad faith, and stating in substance that this is a jury question, that if the jury finds the defendant acted in good faith the plaintiff can recover nothing for damages or attorney's fees, that if there is bad faith damages and/or attorney's fees may be recovered, that the jury must look to the evidence and, if they find bad faith, determine these amounts in a certain way "remembering always the damages and attorney's fees are only awarded in case you find that the defendant has acted in bad faith." Under the charge as a whole there is no possibility that the jury could have been led to believe these sums could be awarded if the defendant were in good faith in refusing to pay the claim at the time the demand was made.