38294.  PENNSYLVANIA THRESHERMANS & FARMERS MUTUAL INSURANCE COMPANIES v. McCALL.

DECIDED JULY 12, 1960.

*Sharpe & Sharpe, T. Ross Sharpe, T. Malone Sharpe,* for plaintiff in error.

*C. W. Heath, Connerat, Dunn, Hunter, Cubbedge & Houlihan, Malcolm Maclean,* contra.

BELL, Judge. ■ The petition alleges that an insurance policy covering the plaintiff as the insured against loss or damage by fire to an identified tractor was in effect between the insurer and the insured, and further alleges that a fire burst out on and around the motor of the tractor thereby causing a loss and damage within the insuring agreements of the policy. The only basic queries in this case bearing upon the issue as to whether the petition states a cause of action in accordance with the applicable law appear to be (1) whether the use of sand to extinquish the fire in the tractor was a reasonable effort on the part of the insured to protect the property from further loss after it caught fire; and (2) whether, after the sand was used to extinguish the fire, the insured's later use of the tractor without first removing all of the sand from the motor constituted on the insured's part a failure to protect the insured property.

The Georgia statute applicable is *Code* § 56-819, which reads:

"The insured shall be bound to ordinary diligence in protecting the property from fire and gross negligence on his part shall relieve the insurer. Simple negligence by a servant or the insured, not affected by fraud or design in the latter, shall not relieve the insurer." This statute is ambiguously and contradictorily worded, and although it has been repealed by an act of the 1960 General Assembly (Ga. L. 1960, p. 289) the repealing statute by its terms will not take effect until January 1, 1961. For the purpose of this case, this statute is the one applicable and determinative of the rights of the parties. The first clause of the first sentence states that the insured has the duty to exercise ordinary diligence for the protection of the property insured, and the necessary implication from this would be that the insurer would be relieved from liability if the insured were guilty of ordinary negligence; however, the last portion of the sentence states that gross negligence on the part of the insured shall relieve the insurer, and this implies that the failure to exercise ordinary diligence is not sufficient to relieve the insurer, since gross negligence is the failure to exercise slight diligence. See *Code* §§ 105-201 and 105-203. This statute has been construed, as to the duty imposed on the insured to care for the property, in only one case. In *Motors Insurance Corp. v. Turner*, 96 Ga. App. 6 (2) (99 S. E. 2d 503), at p. 12, this court stated: "The proposal that the Code section has not been adequately interpreted merits active research. We have devoted substantial attention to basic research and have found no interpretation of the section on the point argued by counsel. Therefore, we interpret this Code section to mean that if an insured exercises ordinary care, the insurance carrier is liable for payment for resulting loss of the insured property, but if the insured is grossly negligent, then the insurance carrier is not liable." This interpretation appears to be reasonable and is bolstered by the last sentence of the Code section, which provides that simple negligence by a servant of the insured, if unaffected by fraud or design in the latter, shall not relieve the insurer.

Applying this interpretation of the statute as stated in the *Turner* case and coupling it with the general principle of law to the effect that questions of diligence and negligence are inter-

rogations peculiarly characteristic of those which should be submitted to the jury and ought not to be decided on general demurrer except in plain, palpable and indisputable cases, it is obvious that the petition states a cause of action and that the question of whether the use of sand to extinguish the fire was gross negligence is properly an issue for determination by the jury. The same reasoning and opinion apply with respect to the problem of whether, after the sand was used to extinguish the fire, the insured's later use of the tractor without first removing all of the sand from the motor constituted on the insured's part a failure to protect the insured property. The petition was properly held to state a cause of action.

■ Coming now to the special demurrers, special demurrer No. 1 to the original petition, which objected to the failure to attach the insurance policy, was properly overruled, since this demurrer, itself a critic, was quite imperfect in that it objected to a failure to include "the complete insurance policy . . . including certain insuring agreements, conditions and the like which are material and relevant for a proper cause of action." Under these broad and undetailed assertions, there is no possible method by which it may be construed as a matter of law whether the distinguishing characteristics of these unknown particulars are, indeed, material and relevant for a proper cause of action.

The renewed special demurrer No. 2 and the additional demurrer No. 1 to the amended petition relate to paragraph 5 of the petition charging it with being unclear, inconcise, confusing, and containing irrelevant facts. The principal and only other pertinent objection raised by these special demurrers is that the reference to the burning of the employee of the plaintiff who was operating the tractor at the time the fire broke out was prejudicial to the rights of the defendant. The trial court properly overruled these demurrers since the emergency then facing the employee of the plaintiff necessarily is to be taken into account in determining what degree of diligence he was exercising for the protection of the property threatened by the fire. What might under other circumstances be negligence might be found by the jury not to be so here in view of the emergency then facing the employee.

The defendant's original special demurrer No. 3 was properly overruled. The defendant's additional special demurrer No. 2 relates to paragraph 7 of the petition, as amended. This additional demurrer No. 2 was properly overruled for the reasons previously stated, as the burning of the employee is necessarily a factor to be considered by the jury in determining the degree of diligence exercised by him under the existing circumstances.

The defendant's special demurrer No. 4 to the original petition was properly overruled since the amendment to the petition sufficiently answered that demurrer. The defendant's additional demurrer No. 3 relating to the same paragraph of the original petition as amended also was properly overruled. Special demurrer No. 5 of the defendant's original demurrers was properly overruled.

The order of the trial court overruling the general demurrer is affirmed.

The order of the trial court overruling all of the special demurrers and additional special demurrers of the defendant is affirmed.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*