**NATIONWIDE MUTUAL FIRE INSUR-ANCE COMPANY, Appellant,**

v.

**Mrs. Bessie JENKINS, Appellee.**

**No. 24589.**

United States Court of Appeals
Fifth Circuit.

Oct. 6, 1967.

Edward L. Savell, Woodruff, Savell, Lane & Williams, by Edward L. Savell, Atlanta, Ga., for appellant.

Jack M. Carey, Stewart, Sartain & Carey, Gainesville, Ga., for appellee.

Before TUTTLE, GEWIN and AINS-WORTH, Circuit Judges.

PER CURIAM:

This is an appeal by the defendant insurance company from a jury verdict granting a recovery in the full amount of the proven value of a house which is insured in the name of the appellee, Mrs. Bessie Jenkins. The property was conveyed to Mrs. Jenkins by her former husband prior to a divorce proceeding, at which time the warranty deed of conveyance recited that the husband would

remain liable for and assume the debt represented by a security deed in favor of a bank. At the time the property was conveyed to Mrs. Jenkins, there was an outstanding insurance policy for $4,000 issued by Insurance Company of North America. This policy was not transferred to Mrs. Jenkins and she made no claim against INA at the time of the fire.

The defendant on its appeal contends that Mrs. Jenkins had no insurable interest in the property because, so it contends, under the Georgia law, the holder of the security deed has legal title. It also contends that any recovery for the loss of the house should be pro rated with INA on its outstanding policy. Finally, the appellant claims that as a matter of law it cannot be liable for late payment penalties and attorneys' fees, on account of bad faith refusal to pay the claim under Georgia Annotated Code, Section 56–1206.

We think it perfectly clear that Mrs. Jenkins had an insurable interest to the extent of her loss. This seems clear under Georgia Code Section 56–2405, which provides that: "Insurable interest as used in this section means any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance free from loss, destruction, or pecuniary damage or impairment." See also Motors Insurance Corp. v. Turner, 96 Ga.App. 6, 99 S.E.2d 503 (1957).

We are aware of no rule of law that requires that Mrs. Jenkins pursue a remedy against an insurance company which had insured the property for the benefit of her husband and as to which she was not a named insured. If there be any principle by which the appellant is entitled to have its loss pro rated by INA, it may pursue this remedy in an independent action.

Finally, it must be noted that the Georgia rule with respect to the finding of bad faith failure to pay an insurance claim within sixty days after demand and proof of loss is quite liberal. In any event, we cannot conclude that the failure of the trial court to exclude this issue from the jury's consideration was clearly erroneous in light of the evidence in the record.

The judgment is affirmed.